## 59992. GUEST v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted for murder in the killing of another human being by shooting him with a rifle. He was convicted of voluntary manslaughter and sentenced to serve a term of 7 years, the first 3 years to be served in confinement and the balance of said sentence to be served on probation. Defendant filed a motion for new trial which was denied after a hearing. Defendant appeals. *Held:*

1. The victim was killed as a result of a domestic disturbance involving his and his ex-wife's children when the children sneaked away from the victim's house, went to a neighbor's and called their mother (victim's ex-wife) to come and get them. The victim's ex-wife and others in one automobile and the defendant and others in another automobile came to pick up the children on the night of the shooting. The victim, along with his housekeeper, was trying to locate the children when they approached a parked automobile, shots were fired, and the victim was killed.

The victim's ex-wife appeared as a witness on behalf of the defendant and testified that she was privy to prior unprovoked threats of the victim against the defendant and as to the events leading up to the shooting. The district attorney, in a thorough and sifting cross examination of this witness with reference to her fear of the victim, his threats against others, including the defendant, and with respect to visitation rights of the children with the victim

following the divorce, disclosed that the children of the victim and the witness had suggested that the witness was "not having any fun" and that she go out "and have a little fun," at which time objection was made that the witness' private life "might be interesting" but defense counsel did not see what it had to do with the case, at which time the court replied that it might go to her credibility and that she was on cross examination. Objection was then made that the district attorney was attempting to "impeach her character." The objection was overruled and the question was asked as to "where she goes out to have fun." The witness answered, "J & J." Another question was then asked: "Where's the J & J?" The witness answered, "In Athens." On redirect examination defense counsel asked if she were single, to which she replied in the affirmative and that she had a right to date people if she wanted to, but that she never went out much.

While the cross examination with reference to the witness' dating or other personal activities may have been irrelevant and immaterial, as her private life had no bearing on the case, nevertheless we cannot say that the state was attempting to cross examine the witness regarding specific acts of conduct in an effort to impeach her testimony as contended in the first enumeration of error. At most we find no harmful error which would authorize the grant of a motion for new trial here. Ordinarily the issue as to the relevancy and materiality of evidence is for the trial court. Indeed, any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643); *Toole v. State,* 146 Ga. App. 305, 308 (7) (246 SE2d 338). "Ultimately, the relevance of evidence is 'addressed to the jury's determination.' *Davis v. State,* 230 Ga. 902, 905 (199 SE2d 779)." *Toole v. State,* 146 Ga. App. 305, 308 (7), supra. See also *Guy v. State,* 138 Ga. App. 11, 12 (2) (225 SE2d 492); *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784). We find no reversible error. *Arnold v. State,* 139 Ga. App. 594 (3) (229 SE2d 77).

2. The remaining enumeration of error involves the denial of the defendant's motion for new trial in that the evidence was insufficient to allow the jury to convict him of the crime of voluntary manslaughter. Defendant by brief also argues that during the trial his motion for directed verdict was denied. Counsel for the defense argues at length that the victim who was shot in the middle of the night while seeking to obtain the return of his children after the defendant and his companions had aided the victim's ex-wife and mother of the children to regain custody, by instigating the exchange of a series of shotgun and rifle shots during which he was shot in the

stomach and side by the defendant. The defendant admitted shooting the victim but after the victim had shot him. The jury would have been authorized from the evidence to have determined that the victim was killed by the defendant who shot him in self-defense (the jury having been charged as to justification). Nevertheless the evidence authorized the jury to return a conviction of voluntary manslaughter, and there is no merit in this complaint.

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of voluntary manslaughter. *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Thomas v. State,* 245 Ga. 688, 690 (1) (266 SE2d 499).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JUNE 5, 1980 — DECIDED JULY 16, 1980.

*Jim Hudson,* for appellant.
*J. Cleve Miller, District Attorney,* for appellee.