### 67625. GILES v. JONES et al.

BANKE, Judge.

The plaintiff was injured when a car in which he was a passenger was struck from the rear while stopped. The jury found for the plaintiff in the amount of $5,000, which was considerably less than the amount he claimed in medical expenses and lost wages. The extent of the plaintiff's injury and the amount of his damages were hotly contested issues at trial. The sole enumeration of error concerns the trial court's action in allowing the defendant to impeach the plaintiff's credibility as a witness by establishing that the plaintiff had been convicted of housebreaking some 30 years previously. *Held:*

The precise issue presented involves a matter of first impression in Georgia. A number of states have, by statute, limited the length of time a prior conviction may be proven for impeachment purposes. See Anno: Right to Impeach Credibility, 67 ALR 3d 824 (1975). Under Rule 609 (b) of the Federal Rules of Evidence, a conviction is not admissible if more than 10 years have passed from the date of the conviction or the release of the defendant from confinement, whichever is the later date. However, that rule permits the trial court to admit an older conviction if it determines, in the interest of justice, that the probative value of the evidence substantially outweighs its prejudicial effect.

In Georgia, a witness in a civil case may always be impeached by proof of a conviction for a felony or other crime involving moral turpitude. See generally *Sheffield v. Hammond,* 41 Ga. App. 76 (1) (151 SE 663) (1929). "Ordinarily, the issue as to the relevancy and materiality of evidence is for the trial court. Indeed, any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue . . . is relevant." *Guest v. State,* 155 Ga. App. 374 (270 SE2d 904) (1980). "When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them." *D. O. T. v. Delta Machines &c. Co.,* 157 Ga. App. 423, 425 (278 SE2d 73) (1981).

We conclude that, under present law, the length of time which has passed since the date of a conviction is a matter affecting the

weight rather than the admissibility of the conviction as impeachment evidence.

*Judgment affirmed. Shulman, P. J., concurs. Pope, J., concurs specially.*

DECIDED FEBRUARY 1, 1984 —
REHEARING DENIED FEBRUARY 20, 1984 — 

*Roy E. Barnes, Thomas J. Casurella,* for appellant.
*William S. Shelfer, Jr.,* for appellees.

POPE, Judge, concurring specially.

After carefully reviewing the record in the case at bar, I agree that the judgment should be affirmed. I also agree that under current law a witness in a civil case may be impeached by proof of a conviction for a felony or other crime involving moral turpitude, no matter how much time has elapsed since the conviction. See *Woodward v. State,* 197 Ga. 60 (8) (28 SE2d 480) (1943). However, I would urge that the rule be changed. As it now stands, the rule is unduly harsh. The sins of youth should not invariably be available as a bludgeon to be wielded by an adversary in a civil suit. Where, as in the instant case, some 33 years have passed between the act of an 18-year-old youth who displayed poor judgment and the testimony of a man free from such convictions for that entire 33-year period, the trial court should be vested with the discretion whether or not to allow impeachment by means of such a conviction. The federal rule, which routinely excludes convictions more than ten years old as a means of impeachment, but which also vests the trial court with authority to allow use of a conviction outside the ten year period where the interests of justice so dictate, is the better rule. Until such a rule is adopted, the effects of the present harsh rule can be ameliorated by permitting the person so impeached to offer an explanation in mitigation of the conviction. See generally *Belvin v. Houston Fertilizer &c. Co.,* 169 Ga. App. 100 (2) (311 SE2d 526) (1983). The trial court followed this procedure in the present case.