### 69925. HARRIS v. THE STATE.
(328 SE2d 370)

BANKE, Chief Judge.

Sammy Don Harris appeals his convictions of aggravated assault on a peace officer and escape by use of a deadly weapon.

As appellant and two women named Green and Soborio were riding in a car operated by one Howard Bradshaw, a police officer stopped the vehicle for a traffic infraction. Upon determining that a warrant was outstanding for appellant's arrest, the officer escorted him to the police vehicle, at which point, according to the officer, Bradshaw, and the two females, the appellant attacked the officer with his fists and with the officer's pistol. Both the officer and Brad-

shaw testified that in addition to hitting the officer with the pistol, the appellant also pointed the weapon at the officer's head and attempted to fire it. All four of the occupants of Bradshaw's vehicle were subsequently arrested and charged with various offenses; however, by the time of trial the charges against the two women were no longer pending. Appellant's primary contention on appeal is that the trial court erred in unduly restricting his cross-examination of Green and Soborio, who testified as state's witnesses, as well as Bradshaw, who testified as a defense witness. *Held*:

1. The trial court permitted appellant to examine all the witnesses at length regarding any possible promises or agreements which might have been made by the state in exchange for their testimony and cooperation in this case. There was no evidence whatever that any such promises or agreements had been made. The appellant nevertheless contends that his opportunity to cross-examine the witnesses was impermissibly curtailed in that the court refused to permit him to question Bradshaw and Green as to whether they had engaged in sexual relations with each other, as well as to question Bradshaw regarding information he had provided the state with regard to certain unrelated criminal activities and to question Soborio regarding her loss of the custody of her children at about the time of her arrest.

A criminal defendant is entitled to a thorough and sifting cross-examination of the witnesses against him, providing that the subject matter of the inquiry is relevant to the issues at trial. See *Peacock v. State*, 170 Ga. App. 309 (3) (316 SE2d 864) (1984). However, the extent of cross-examination is within the sound discretion of the trial court, which discretion will not be interfered with by this court unless abused. See *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982); *Smith v. State*, 171 Ga. App. 758 (6) (321 SE2d 213) (1984). Pretermitting the question of whether appellant was entitled to cross-examine his own witness, Bradshaw, we find no abuse of discretion on the part of the trial court in refusing to allow appellant to delve into irrelevant matters and in limiting the scope of his examination of these witnesses.

2. Appellant also contends that the trial court erred in refusing to admit for impeachment purposes evidence of two prior misdemeanor convictions incurred by Green for obstruction of a law-enforcement officer and public intoxication. Any witness other than an accused may be discredited by evidence of a conviction involving moral turpitude. *Beasley v. State*, 168 Ga. App. 255 (1) (308 SE2d 560) (1983). In Georgia, a crime designated as a felony and punishable by imprisonment is generally construed as an offense involving moral turpitude, whereas a misdemeanor offense generally is not. See *Lewis v. State*, 243 Ga. 443 (254 SE2d 830) (1979); *Norley v. State*, 170 Ga. App. 249 (5) (316 SE2d 808) (1984). We hold that the misdemeanor offenses of

obstructing a law-enforcement officer and public intoxication do not involve moral turpitude and consequently that the convictions were not admissible to impeach Green's testimony at trial.

3. Appellant contends that the trial court erred in allowing a physician and a dental surgeon who had treated the victim to testify as to the extent of his injuries. This contention is based on the failure of the state's attorney to provide appellant's counsel with copies of certain records or notes prepared by these witnesses, in compliance with appellant's written request for scientific reports submitted pursuant to OCGA § 17-7-211. However, since the documents in question were not included in the record on appeal, it is impossible for this court to determine whether they actually constituted scientific reports within the meaning of the statute. The party alleging error has, of course, the burden of establishing it affirmatively by the record. See *First Fed. Savings &c. of Atlanta v. White*, 168 Ga. App. 516 (1) (309 SE2d 858) (1983); see also *Dyer v. State*, 169 Ga. App. 387 (312 SE2d 861) (1984). Furthermore, the extent of the victim's injuries was not required to be shown to prove either offense, nor was it a contested issue at trial; therefore, appellant suffered no apparent prejudice from the introduction of the witnesses' testimony, i.e., it is highly probable that the evidence did not contribute to the judgment. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

4. Harris contends that the trial court erred in allowing the jury, upon request, to rehear the victim's testimony on direct, but not cross-examination. The jury is entitled to designate the testimony which it desires to rehear, in the absence of special circumstances which might work an injustice. See *Byrd v. State*, 237 Ga. 781 (1) (229 SE2d 631) (1976); *Wilkerson v. State*, 165 Ga. App. 14 (299 SE2d 67) (1983). We find no special circumstances in the instant case requiring the replay of the cross-examination of this witness against the jury's wishes. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 11, 1985 —

*Christopher A. Frazier*, for appellant.
*F. Larry Salmon, District Attorney*, for appellee.