42476. HIGHTOWER et al. v. GENERAL MOTORS
CORPORATION et al.
(338 SE2d 426)

HILL, Chief Justice.

We granted certiorari to determine whether a guilty plea as to which the accused has been granted first offender treatment may be used to impeach him when he testifies in a civil case which he instituted.[1] The Court of Appeals, by a divided vote, concluded it could be

---

[1] After reviewing the matter, we have determined that the proper disposition of this case

so used and affirmed the trial court's ruling admitting such evidence. *Hightower v. General Motors Corp.*, 175 Ga. App. 112 (332 SE2d 336) (1985).

Steve and Linda Hightower sued General Motors Corp. and Martin Burks Chevrolet, Inc., seeking damages for depreciation, loss of use, and loss of warranty time, and punitive damages for bad faith, after the transaxle of their 1981 Corvette dislodged and pierced the fiberglass rear compartment. Although they had purchased the car elsewhere, Martin Burks fixed it free of charge under the new car warranty, but the Hightowers were initially without the car for nearly two months, and later two more months while the carpet was being reinstalled. They filed their complaint in 1983.

Less than three months later two men hired by Steve Hightower "stole" and burned his 1978 Eldorado Cadillac, for which loss Hightower then made an insurance claim. On September 1, 1983, Hightower pled guilty to third-degree arson and consented to 2 years probation and a $350 fine under the First Offender Act. OCGA § 42-8-60 et seq. At the commencement of the trial of Hightower's civil suit on October 1, 1984, the trial court denied his motion in limine urging that the first offender offense was not admissible, and the arson plea was admitted at trial. The court directed a verdict in favor of the defendants on all claims except depreciation of the car, which was decided in the defendants' favor by the jury. Hightower appealed to the Court of Appeals.[2]

The rationale of the majority of the Court of Appeals in affirming was that because it had already been held that a first offender's guilty plea may be used in a criminal trial to impeach a state's witness, *Favors v. State*, 234 Ga. 80 (3) (214 SE2d 645) (1975); *Gilstrap v. State*, 250 Ga. 814 (2) (301 SE2d 277) (1983), or a defense witness, *Moon v. State*, 154 Ga. App. 312 (1) (268 SE2d 366) (1980), it was also admissible to impeach a witness in a civil trial. In dissent, three judges argued that *Moon*, supra, should be overruled, pointing out that *Favors*, supra, was predicated on the constitutional rights of a defendant in a criminal case, rights not present in *Moon*, or in civil cases. Because the Court of Appeals was divided, we granted certiorari to decide the issue.[3]

However, the case before us can be decided correctly only based on its facts, which present a narrow ground, and we do not decide whether a first offender's guilty plea can be admitted, as such, to im-

---

warrants only a partial answer to the question raised.

[2] Because it has not been argued, we do not decide whether Hightower's guilty plea was admissible because, at the time he testified, he had not fulfilled his 2 years probation and been discharged. See OCGA § 42-8-62; 1981 Op. Atty. Gen. U81-12.

[3] See footnote 1.

peach a party in a civil case. In so ruling, we neither approve nor disapprove *Moon v. State*, supra.

A witness may be impeached by one or more of several means.[4] One of these is by proving that the witness has been convicted of a felony or other crime involving moral turpitude. *Giles v. Jones*, 169 Ga. App. 882 (315 SE2d 440) (1984); *Favors v. State*, supra. It was this mode of impeachment which was dealt with by the Court of Appeals in this case, but it is this mode of impeachment which we do not reach.[5]

Another means of impeaching a witness is by disproving the facts testified to by him. OCGA § 24-9-82. A third means is by proof of prior contradictory statements relevant to his testimony and to the case. OCGA § 24-9-83. We find the evidence of Hightower's guilty plea admissible for these latter purposes. See *Williams v. State*, 171 Ga. App. 927, 929 (321 SE2d 423) (1984).

While under cross-examination, Hightower was enumerating the several cars he had owned and sold or traded at or about the time he owned and lost the use of the Corvette. Among them was a 1978 Cadillac Eldorado which he had purchased after acquiring the new Corvette in 1981. Q. "And what did you do — what happened to that car?" A. "It was stolen." Q. "And who stole that car?" A. "A guy named George Mims and Eddie Fryer." Q. ". . . Was that car also burned as well?" A. "Certainly was." Q. ". . . and did you attempt to collect insurance on that car that was burned?" A. "No, I didn't." Q. "Did you not call Allstate with a claim?" A. "I did not make a claim on that car."

On further cross-examination, Hightower was asked "Did you have anything to do with the stealing of that car?," to which he replied, "I don't understand. . . ." Hightower then admitted that he knew his car was going to be stolen, but denied knowing it was going to be burned.

Later, still on cross-examination, he admitted he had hired two men and paid them $500 to steal the Cadillac while he was out of town, and had reported it stolen to the police and his insurance company when he arrived back home. He also admitted having made a claim for the car and its contents, including golf clubs, a gun and fishing tackle. His guilty plea for the arson charge resulting from this incident was also admitted into evidence. Thus, whether or not the first offender plea was admissible to prove conviction of a felony, it was admissible to disprove facts testified to by the witness (to wit: Mims and Fryer "stole" the car; I did not know it was going to be

[4] See OCGA §§ 24-9-82 through 24-9-84; see also Suggested Pattern Jury Instructions, Vol. 1, Civil Cases, prepared by the Council of Superior Court Judges, p. 20 (1984).
[5] See also footnote 2.

burned) and as a prior statement contradicting that same testimony. *Williams v. State*, supra, 171 Ga. App. at 929. The judgment of the Court of Appeals is affirmed for the reasons stated herein.

To insure that in seeking the truth, the jury is not misled by false or deceiving testimony, we hold that a guilty plea as to which a plaintiff in a civil case has been granted first offender treatment is admissible in evidence to disprove and contradict such party's testimony given in the civil case.

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs specially.*

BELL, Justice, concurring specially.

I agree with the majority's holding that under the circumstances of this case, Hightower's first offender guilty plea was admissible to disprove and contradict facts testified to by him. Such a holding is necessary to insure that the jury is not misled by false testimony.

I would, however, overrule the Court of Appeals' holding in this case, to the effect that in a civil case a witness' first offender guilty plea may be used to impeach him by showing that he has been convicted of a felony or other crime involving moral turpitude. *Hightower v. General Motors Corp.*, 175 Ga. App. 112, 113-14 (332 SE2d 336) (1985). In that situation, the impeaching party's interests in attacking the witness' trustworthiness should not prevail over the interests of the first offender to be protected against the stigma of a criminal record. Similarly, to the extent that *Moon v. State*, 154 Ga. App. 312 (268 SE2d 366) (1980), implies that the state may use a defense witness' first offender record to impeach him by showing that he has been convicted of a crime involving moral turpitude, I would overrule it.

DECIDED JANUARY 9, 1986.

*Jones & Worozbyt, Lewis N. Jones,* for appellants.
*Greene, Buckley, DeRieux & Jones, Daniel A. Angelo, Edward D. Buckley III,* for appellees.