75359. HARDMAN v. HARDMAN.
75360, 75361. HARDMAN v. THE STATE (two cases).
(364 SE2d 645)

BENHAM, Judge.

Appellant was indicted for three counts of child molestation and one count of contributing to the deprivation of a minor. Two of the molestation counts alleged that appellant had fondled the vaginal areas of two females under the age of 14 years. The other molestation count and the count accusing appellant of contributing to the deprivation of a minor alleged that he had committed acts of molestation in the presence of another female under the age of 14 years. Pursuant to a plea bargain, appellant entered guilty pleas to three counts of simple battery. During the pendency of a post-sentencing investigation, the Houston County Department of Family & Children Services filed a petition for custody of appellant's granddaughter, the child in whose presence the indictment alleged appellant had committed acts of molestation. In Case No. 75359, pursuant to this court's grant of his application for discretionary review, appellant appeals from orders of the trial court in the custody case denying a motion to dismiss and a motion to recuse, and transferring the case to juvenile court. The other two appeals both concern the criminal prosecution. In them, appellant seeks review of the trial court's denial of a motion to recuse, the trial court's failure to sentence him as a first offender, and the imposition of certain conditions of probation.

1. After a full review of the record in Case No. 75359, and especially in view of the continuing pendency of that case in the juvenile court below, we find that case not to meet the criteria for discretionary review. That appeal is, therefore, dismissed as improvidently granted.

2. The notice of appeal in Case No. 75360 states that the appeal is from an order denying appellant's motion to recuse the trial judge

in the criminal case. It is apparent from the record that the criminal case was still pending at the time the notice of appeal was filed. That being so, and appellant having failed to comply with interlocutory appeal procedures as required by OCGA § 5-6-34, the appeal was premature and must be dismissed. *Porter v. Calhoun County Commissioners*, 167 Ga. App. 53 (306 SE2d 58) (1983). We note that no harm comes to appellant from this action because the enumeration of error filed in the remaining appeal (Case No. 75361) includes the denial of the motion to recuse, permitting this court to reach the merits of all the issues in the criminal case.

3. In the criminal case, appellant asserted in support of his motion to recuse that the trial judge was unable to separate the criminal case from the civil case, resulting in bias and prejudice against appellant in the criminal prosecution. The trial court found the affidavits filed in support of the motion to be legally insufficient and denied the motion.

"On motion for disqualification it is the duty of the judge to pass only on the legal sufficiency of the *facts* alleged to ascertain whether they support a charge of bias or prejudice. [Cits.] Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary. [Cits.] The test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists. [Cits.]" (Emphasis and punctuation omitted.) *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980). (Emphasis supplied.) Applying that test to the present case, we find no error in the trial court's decision because appellant's affidavits in support of his motion to recuse do not contain *facts* demonstrating bias or prejudice. Both affidavits are from appellant's attorneys and both rely on feelings and interpretations. The facts alleged in the affidavits, as opposed to the feelings and interpretations, show no more than the trial judge exercising discretion and dealing with counsel on two cases. It is not obvious from the record, as appellant contends, that the trial judge adopted the State's position and did its job. The only evidence to support that contention is that the judge has ruled against appellant on key issues. That alone does not show the bias which will require a trial judge to recuse himself.

4. Appellant requested that he be sentenced as a first offender, and the trial court took that request under advisement. The subsequent refusal to use that sentencing scheme for appellant's benefit is enumerated as error.

A trial court is not required to grant first offender treatment, but may impose, in its discretion, any sentence prescribed by law. *Todd v. State*, 172 Ga. App. 231 (2) (323 SE2d 6) (1984). Appellant's assertion that the trial court abused its discretion in that it withheld first of-

fender treatment specifically for the purpose of making evidence of the conviction admissible against appellant in the civil suit is without merit: it would be admissible in that suit even if first offender treatment had been granted. *Hightower v. Gen. Motors*, 175 Ga. App. 112 (1) (332 SE2d 336) (1985). Under the record here, including an allegation by appellant's daughter, later recanted by her, that appellant had molested her when she was a child, we find no abuse of discretion in the trial court's refusal to sentence appellant as a first offender.

5. The final issue in this case is the reasonableness of the conditions of probation imposed by the trial court. The conditions at issue are that appellant continue to take any medication prescribed for him; that he submit periodical reports from the psychologist to whom appellant had been referred by his attorney and from whom appellant had gotten a report for use by the court; that he have no unsupervised contact with females under the age of 14; and that appellant's visitation with his granddaughter be approved by the Department of Family & Children Services.

The imposition of terms of probation is within the trial court's discretion. *Giddens v. State*, 156 Ga. App. 258 (4) (274 SE2d 595) (1980). Considering that the record indicates that appellant had been hospitalized because of his emotional condition during the pendency of the prosecution; that lithium had been prescribed for him; that the batteries to which he entered guilty pleas and the crimes for which he was originally indicted involved young girls; and that his granddaughter was involved in these matters, we find no abuse of discretion in the conditions imposed by the trial court.

*Appeals dismissed in Case Nos. 75359 and 75360. Judgment affirmed in Case No. 75361. Banke, P. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1988.

*Ronanne M. Wood, Raymond M. Kelley, Jr.*, for appellant.

*Deborah A. Edwards, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee (case no. 75359).

*G. Theron Finlayson, District Attorney, Edward D. Lukemire, Assistant District Attorney*, for appellee (case nos. 75360, 75361).