77806. SALOMON v. EARP.
(379 SE2d 217)

BEASLEY, Judge.

Salomon pled guilty to two counts of homicide by vehicle in the

first degree, OCGA § 40-6-393 (a), and one count of driving with ability impaired by alcohol, OCGA § 40-6-391. An order of nolle prosequi was entered on a second count of driving with ability impaired by alcohol. Salomon was sentenced as a first offender, OCGA § 42-8-60 et seq., to five years probation on the felony counts and twelve months probation on the misdemeanor count, all to be served concurrently. She was ordered to pay a $1,500 fine and given the additional condition of probation that for two years she could drive only a two-wheel vehicle and would not be permitted to drive any vehicle capable of carrying passengers.

The Department of Public Safety was notified of the sentences. It issued notices of suspension of Salomon's driver's license for one year for the misdemeanor and for three years for the felonies to begin from the date the department received the license. Salomon was granted a hearing by the department and the hearing officer issued an administrative declaratory decision affirming the license suspension.

Pursuant to OCGA § 40-5-66, Salomon appealed the administrative decision to the superior court. Following a hearing, the court concluded that the Department of Public Safety properly suspended Salomon's driver's license and the court denied her application for a stay of the suspension.

Application for discretionary appeal from the lower court's decision, see OCGA § 5-6-35 (a) (1), was granted to address Salomon's basic contention that the department may not use sentences under the First Offender Act as a basis for drivers' licenses suspensions. See OCGA § 40-5-1 (11). Although she also contends that such sentences may not be used for driver's license revocation, see OCGA § 40-5-1 (10), revocation is not at issue in this case.

Salomon argues that the lower court erred in sanctioning notification to the department of the first offender disposition because it was not final, and in sanctioning treatment of her first offender sentence as a conviction for the purpose of license suspension.

Under OCGA § 40-5-54 (a) (1)[1] and OCGA § 40-5-63 (f), the department must suspend under OCGA § 40-5-63 the license of any driver upon receiving a record of such driver's *conviction* of homicide by vehicle, as defined in OCGA § 40-6-393.

Under Chapter 5 of Title 40 dealing with drivers' licenses, a " '[c]onviction' means a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, the payment of a fine, a plea of guilty, or a finding of guilt on a traffic violation charge, regardless of whether the sentence is suspended, probated, or rebated." OCGA § 40-5-1 (4). The statutory definition does not carve out an exception

---

[1] At the time of Salomon's sentencing the provision was found in OCGA § 40-5-54 (1).

for entries of pleas of guilty or the payment of a fine in a first offender situation. Nor does it require an adjudication of guilt. Salomon's pleas of guilty and ordered payment of a fine were properly treated as a conviction for purposes of the statute.

Contrary to appellant's contention, this reading of OCGA § 40-5-1 (4) does not conflict with the provisions of the First Offender Act, OCGA § 42-8-60 et seq., specifically OCGA § 42-8-62, which provides in pertinent part: "Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the defendant shall be discharged without court adjudication of guilt. The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction . . . ."

Such first offender provision allows a defendant's slate to be wiped clean for the purposes of recordation of a criminal conviction and its effect on civil rights or liberties *after* a defendant successfully fulfills the first offender terms. It does not prohibit restrictions on a defendant's civil rights or liberties imposed during service of the first offender term. In fact, under the First Offender Act, the court may not only place a defendant on probation, which would include limitations on the defendant's behavior and activities, but the court alternatively may sentence a defendant to a term of confinement. OCGA § 42-8-60 (a) (1) and (2). Even successful service under the Act does not protect a defendant from all consequences of his criminal acts. For example, the record of a first offender sentence may be used to impeach a witness in a criminal or civil case. See *Hightower v. Gen. Motors Corp.*, 175 Ga. App. 112, 113 (1) (332 SE2d 336) (1985), aff'd 255 Ga. 349 (338 SE2d 426) (1986); *Moon v. State*, 154 Ga. App. 312 (1) (268 SE2d 366) (1980); *Favors v. State*, 234 Ga. 80, 86 (3) (214 SE2d 645) (1975).

Furthermore, suspension of a license imposed for violation of the point system, see OCGA §§ 40-5-57 (c) and 40-5-57.1, has been held incapable of classification as criminal punishment resulting from a criminal prosecution because it is accomplished administratively by a designated public officer with a complete absence of any judicial action and no attribute of a criminal case. *Cofer v. Gurley*, 146 Ga. App. 420, 421 (1) (246 SE2d 436) (1978), overruled in part on other grounds, *Williams v. Cofer*, 246 Ga. 344, 345 (3) (271 SE2d 486) (1980).

Were Salomon's "convictions" under OCGA § 40-5-1 (4) properly reportable to the Department of Public Safety in the first place?

OCGA § 40-13-3 provides that the judge or clerk of each court before whom a person accused of a traffic offense is brought shall promptly report the final disposition of the case to the department.

Appellant argues that inasmuch as there is no adjudication of guilt under the First Offender Act, there is no "final disposition" for reporting purposes under the statute.

Appellant's construction of "final disposition" would render the definition of "conviction" in Chapter 5 of Title 40, OCGA § 40-5-1 (4) meaningless. Moreover, such interpretation contemplating the absolute ending of a case would by analogy also require that no reporting to the department be made at the time of conviction in any case in which there is a term to be served in confinement and/or on probation. This would defeat the apparent purpose of license suspension which is, in the best interests of the citizens of Georgia, to immediately remove from the highways of this state those individuals whom the state considers dangerous, negligent, and incompetent drivers who are a direct and immediate threat to the welfare and safety of the general public. OCGA § 40-5-57 (a).

Salomon's pleas of guilty under the First Offender Act were properly considered to be a final disposition under OCGA § 40-13-3 requiring reporting to the Department of Public Safety. To hold otherwise would permit the dangerous driver who is punished less stringently because it is a first offense to circumvent legislatively-mandated administrative action to protect the public safety by removing the driver from the roads for a period of time. The status as to criminal punishment imposed, which focuses on the offender and his past deed, does not preclude administrative action, which focuses on the public's future welfare.

The lower court did not err in denying appellant's application for stay of her license suspension and in upholding the administrative decision of the Department of Public Safety.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 21, 1989.

*Simmons, Warren & Szczecko, Joseph Szczecko*, for appellant.
*Michael J. Bowers, Attorney General, Cathy A. Cox, Assistant Attorney General*, for appellee.