A89A1091. PENDER v. WITCHER.

(389 SE2d 560)

CARLEY, Chief Judge.

Appellant-plaintiff filed this action, seeking to recover for the personal injuries he allegedly sustained as the proximate result of appellee-defendant's negligence. The case was tried before a jury and verdict in favor of appellant was returned. Appellant's motion for new trial was denied and he appeals.

1. Appellant enumerates as error the denial of his motion for new trial on the ground that the damages awarded by the jury were inadequate. A review of the evidence shows that this enumeration of error is without merit. See generally *Wright v. Satilla Rural Elec. Co-op.,* 179 Ga. App. 230, 232 (2) (345 SE2d 892) (1986).

2. The trial court denied appellant the opportunity to use, for impeachment purposes, appellee's first offender record for possession of cocaine. This ruling is enumerated as error.

The law provides that an adverse witness may be impeached by several different methods. One such method is to disprove the facts to which he has testified at trial. See OCGA § 24-9-82. Another method is to prove that he made prior contradictory statements relevant to his trial testimony and to the case. See OCGA § 24-9-83. It was *only* these two methods of impeachment which were discussed and applied in *Hightower v. General Motors Corp.,* 255 Ga. 349, 352 (338 SE2d 426) (1986): "To insure that in seeking the truth, the jury is not misled by false or deceiving testimony, we hold that a guilty plea as to which a plaintiff in a civil case has been granted first offender treatment is admissible in evidence to disprove and contradict such party's testimony given in a civil case." However, *neither* of these two methods is relevant to the impeachment issue presented in the instant case. Accordingly, the Supreme Court's holding in *Hightower* has *no* bearing whatsoever on this appeal.

The relevant inquiry in the instant civil case is whether the adverse witness' first offender record is admissible, for impeachment purposes, as evidence of a conviction of a felony or a crime of moral turpitude. Proof that an adverse witness has been convicted of a felony or a crime of moral turpitude is yet *another* method of impeachment which, entirely unlike the two methods discussed by the Supreme Court in *Hightower*, is in no way dependent upon a consideration of his trial testimony. "In Georgia, a witness in a civil case may always be impeached by proof of a conviction for a felony or other crime involving moral turpitude. [Cit.]" *Giles v. Jones*, 169 Ga. App. 882 (315 SE2d 440) (1984). Regardless of the specifics of an adverse witness' trial testimony, he is nevertheless subject to impeachment simply because his conviction of a felony or a crime of moral turpitude reflects upon his general lack of credibility. "The fact that a witness has been convicted of a crime involving moral turpitude is admissible for the purpose of discrediting his evidence. [Cit.] . . . Evidence which discredits a witness on the ground of infamy tends to impeach him." *Ford v. State*, 92 Ga. 459 (17 SE 667) (1893).

A majority of this court has previously held that it is permissible to impeach an adverse witness in a *civil* case by proving his first offender record for commission of a felony or a crime of moral turpitude. See *Hightower v. Gen. Motors Corp.*, 175 Ga. App. 112, 113 (1) (332 SE2d 336) (1985), aff'd on other grounds 255 Ga. 349, supra. See also *Salomon v. Earp*, 190 Ga. App. 405, 407 (379 SE2d 217) (1989); *Hardman v. Hardman*, 185 Ga. App. 519, 520 (4) (364 SE2d 645) (1988). Possession of cocaine is a felony. Accordingly, unless and until this court's decision in *Hightower* and the cases which follow that decision are overruled, they must be followed in the instant case and the judgment herein reversed for the erroneous failure of the trial court to allow appellant to impeach the adverse witness by proof of his first offender record for the felony of possession of cocaine.

*Whidby v. Columbine Carrier*, 182 Ga. App. 638 (356 SE2d 709) (1987) is not viable authority for the proposition that no reversible error occurred in this case. In *Whidby*, this court, relying upon the Supreme Court's decision in *Hightower*, held: "The defendant's [first offender] criminal record did not tend to 'disprove and contradict [the defendant's] testimony' in this civil case *as to a specific material fact testified to by defendant.* [Cits.] It tended at best only to impeach the character and credibility of the defendant generally, in this civil suit instigated by another; the fact that defendant had committed theft in the past had no logical bearing on the specific issue of negligence in driving the truck." (Emphasis in original.) *Whidby v. Columbine Carrier*, supra at 640 (3). It is clear, however, that the *Whidby* decision is premised upon an erroneous construction of the Supreme Court's decision in *Hightower*, supra. As previously noted,

the Supreme Court's decision in that case related *solely* to the issue of impeachment pursuant to OCGA §§ 24-9-82 and 24-9-83, and *not* to the issue of impeachment by proof of conviction of a felony or a crime of moral turpitude. With specific regard to the issue of impeachment by proof of conviction of a felony or crime of moral turpitude, it is the decision of *this court* in *Hightower* that is controlling. Thus, *regardless* of the irrelevancy of an adverse witness' prior first offender record to his trial testimony or to any factual issue in a civil case, that record *is* admissible as impeaching evidence if it shows his commission of a felony or a crime of moral turpitude. Such evidence is admissible to impeach the witness for the *very reason* that it does, in fact, reflect upon his general lack of credibility. See generally *Ford v. State*, supra. Accordingly, the witness in *Whidby was* subject to impeachment by virtue of his first offender theft record and this court erred insofar as it held that he was not. See *Hightower v. Gen. Motors Corp.*, supra at 175 Ga. App. 113 (1). It follows that *Whidby v. Columbine Carrier*, supra, is clearly not authority for affirming the judgment in this case. The decision in *Whidby* is erroneous and is hereby overruled.

As previously noted, the judgment in this case can be affirmed only if the whole court decision in *Hightower v. Gen. Motors Corp.*, 175 Ga. App. 112, supra, and the decisions which follow it are overruled. A majority of this court, as presently constituted, adheres to the holdings in those decisions. Accordingly, the judgment in this case must be reversed for the erroneous failure of the trial court to allow appellant to use appellee's possession of cocaine first offender record for impeachment purposes.

3. An enumeration of error predicated upon the argument of appellee's counsel and upon a jury instruction given by the trial court presents nothing for review. The record shows that appellant made no objection to either the contested argument or the challenged instruction.

4. Appellant's contention that he was erroneously denied the opportunity to testify as to his diminished capacity to work and labor is refuted by the record which contains his testimony in that regard.

*Judgment reversed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong and Sognier, JJ., concur. Pope, Benham and Beasley, JJ., concur specially.*

BENHAM, Judge, concurring specially.

I concur fully with the majority and write only with respect to Division 2 of the opinion. As the majority points out, the judgment in this case can only be affirmed if the decision in *Hightower v. Gen. Motors*, 175 Ga. App. 112 (1) (332 SE2d 336) (1985) is overruled. I dissented in *Hightower* because I believed then, as I do now, that it

extended the Supreme Court's decision in *Favors v. State*, 234 Ga. 80 (3) (214 SE2d 645) (1975), which allowed the defendant in a criminal case to impeach the State's witness with evidence of a first offender conviction, far beyond what that case intended. The case at bar presents an opportunity for the Supreme Court to decide the issue which they found unnecessary to review in *Hightower v. Gen. Motors Corp.*, 255 Ga. 349 (338 SE2d 426) (1986): whether evidence of a first offender conviction may be used to impeach a witness in a civil case as evidence of a conviction of a felony or crime involving moral turpitude.

I am authorized to state that Judge Pope joins in this opinion.

BEASLEY, Judge, concurring specially.

I concur fully and only add, with regard to Division 2, what may explain why the logical rationale in *Whidby v. Columbine Carrier*, 182 Ga. App. 638 (356 SE2d 709) (1987), is in error.

Defendant, as a witness, was subject to impeachment just as any other witness other than an accused in a criminal case. *Harris v. State*, 173 Ga. App. 787, 788 (2) (328 SE2d 370) (1985). One of the common law methods of impeachment is conviction of a crime of moral turpitude or a felony, the roots of which rule are synopsized in *Lewis v. State*, 243 Ga. 443 (254 SE2d 830) (1979). The evidentiary rule is a relaxation of the former common law tradition of barring certain convicts from testifying altogether. The reason for this former rule of witness incompetency was the view that "insensibility to the obligation of an oath . . . [followed] conviction of an offense which rendered one infamous." *Shaw v. State*, 102 Ga. 660, 670 (29 SE 477) (1897). It was infamy which precluded such a witness from testifying altogether, as the law conclusively presumed the witness not to be credible. Now such a witness is permitted to testify, but the effect of the witness' crime-producing infamy on the issue of his or her credibility is deemed relevant and is left to the jury to accept or reject.

Not all convictions would be admissible for this purpose, as demonstrated by the analysis in *Lewis*, supra, and the distinction is not drawn upon whether the crime is malum in se or malum prohibitum. The Supreme Court applied two tests without expressly holding that satisfaction of only one would be sufficient, although that is indicated. It held that the sale of cocaine (OCGA § 16-13-30 (b)) meets both tests.

In this case, the crime is possession of cocaine. It, too, meets both tests. First, it draws felony punishment. OCGA § 16-13-30 (a) and (c). Second, it is "contrary to justice, honesty, modesty, good morals or man's duty to man." *Lewis*, supra at 446. Since possession of cocaine necessarily means that the possessor obtained the drug or received it from someone, and that he or she did so prompted by the desire to

have it for some reason (such as to use or sell or give to another), it follows that the possessor is an integral and obviously essential link in the chain of drug trafficking, a scourge of mankind. The possessor, a contributor to such activity, violates "man's natural duty to man." *Lewis*, supra at 447. It is thus "a crime falsi," the concise term used in *Georgia R. v. Homer*, 73 Ga. 251, 258 (5) (1884), which according to Black's Law Dictionary, 4th ed., "involves the element of falsehood, and includes everything which has a tendency to injuriously affect the administration of justice by the introduction of falsehood and fraud."

The evidence was relevant and, considering its case-recognized potential effect in the credibility equation, exclusion from the jury's ken was harmful error.

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 20, 1989 —

*Davis, Sissel & Williams, Warren P. Davis*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier*, for appellee.