## S90G0456. WITCHER v. PENDER.
(392 SE2d 6)

CLARKE, Chief Justice.

We granted a writ of certiorari in this case to decide whether the first offender record of an adverse witness in a civil case is admissible to show his conviction of a felony or crime of moral turpitude for impeachment purposes.

Pender filed an action to recover for personal injuries he allegedly sustained because of Witcher's negligence. Following a jury verdict in his favor he sought a new trial on the ground that the damages awarded were inadequate. The motion was denied. The Court of Appeals reversed, holding that the trial court erroneously denied Pender the opportunity to use Witcher's first offender record for possession of cocaine for impeachment purposes. *Pender v. Witcher*, 194 Ga. App. 72 (389 SE2d 560) (1989).

The Court of Appeals considered itself bound by a line of its own cases holding it permissible to impeach an adverse witness in a civil case by evidence of his first offender record for commission of a felony or a crime of moral turpitude. *Salomon v. Earp*, 190 Ga. App. 405 (379 SE2d 217) (1989); *Hardman v. Hardman*, 185 Ga. App. 519 (364 SE2d 645) (1988); *Hightower v. General Motors Corp.*, 175 Ga. App. 112 (332 SE2d 336) (1985).

The Court of Appeals noted that this court has not addressed the question whether the first offender record is admissible in a civil trial to impeach an adverse witness by showing commission of a felony or a crime of moral turpitude. This court was presented with the issue of impeachment of an adverse witness in a civil trial by evidence of his first offender record in *Hightower v. General Motors Corp.*, supra. We affirmed the Court of Appeals' decision on the ground that an adverse party's guilty plea and first offender record is admissible for impeachment purposes in a civil trial to disprove or contradict his testimony (OCGA §§ 24-9-82; 24-9-83). *Hightower v. General Motors Corp.*, 255 Ga. 349 (338 SE2d 426) (1986). Because the case was affirmed on other grounds, we did not address the question whether the record was admissible to impeach by showing commission of a felony or crime of moral turpitude. We take this opportunity to address the question left unanswered in *Hightower v. General Motors Corp.*, supra.

A witness in a criminal or civil case may be impeached by evidence that he has been convicted of a felony or a crime of moral turpitude.

> The fact that a witness has been convicted of a crime involving moral turpitude is admissible for the purpose of discrediting his evidence. . . . Evidence which discredits a witness

on the ground of infamy tends to impeach him. *Ford v. State*, 92 Ga. 459 (17 SE 667) (1893).

See also *Giles v. Jones*, 169 Ga. App. 882 (315 SE2d 440) (1984).

However, OCGA § 42-8-62 provides that upon fulfillment of the terms of probation under the first offender statute, the defendant shall be discharged without adjudication of guilt and "shall not be considered to have a criminal conviction." This provides the person who successfully completes his probation under the first offender statute protection against the stigma of a criminal record. Because there was a guilty plea rather than a conviction in this case, evidence of that guilty plea is not admissible for the purpose of impeaching the witness by showing him to have been convicted of a crime involving moral turpitude. This decision does not affect the holding of *Hightower v. General Motors Corp.*, 255 Ga., supra, that evidence of a first offender record is admissible in a civil trial to impeach an adverse witness by disproving or contradicting his testimony.

*Judgment reversed. Clarke, C. J., Smith, P. J., Weltner, Bell, Hunt, Fletcher, JJ., and Judge William H. Alexander concur; Benham, J., not participating.*

DECIDED JUNE 8, 1990.

*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier,* for appellant.
*Davis, Sissel & Williams, Warren P. Davis,* for appellee.

