A89A1091. PENDER v. WITCHER.
(397 SE2d 193)

CARLEY, Chief Judge.

In *Hightower v. Gen. Motors Corp.*, 175 Ga. App. 112, 113 (1) (332 SE2d 336) (1985), aff'd on other grounds, 255 Ga. 349 (338 SE2d 426) (1986), a majority of this court held that it was permissible to impeach the general credibility of an adverse witness in a civil case by proving his first offender record for commission of a felony or a crime of moral turpitude. This whole court decision in *Hightower* was subsequently followed in *Hardman v. Hardman*, 185 Ga. App. 519, 520 (4) (364 SE2d 645) (1988) and *Salomon v. Earp*, 190 Ga. App. 405, 407 (379 SE2d 217) (1989) but, in *Whidby v. Columbine Carrier*, 182 Ga. App. 638 (356 SE2d 709) (1987), it was not. In the original appearance of the instant case before us, we resolved this conflict by holding that the whole court decision in *Hightower* should be followed and that the decision in *Whidby* should be overruled. *Pender v. Witcher*, 194 Ga. App. 72 (2) (389 SE2d 560) (1989). On certiorari, however, the Supreme Court reversed, holding that the first offender record of an adverse witness in a civil case "is not admissible for the purpose of impeaching the witness by showing him to have been convicted of [a felony or] a crime involving moral turpitude." *Witcher v. Pender*, 260 Ga. 248, 249 (392 SE2d 6) (1990).

Accordingly, our decision in *Pender v. Witcher*, supra, is hereby vacated and the judgment of the Supreme Court in *Witcher v. Pender*, supra, is made the judgment of this court. It necessarily fol-

lows, therefore, that the decisions of this court in *Hightower v. Gen. Motors Corp.*, supra, *Hardman v. Hardman*, supra, and *Salomon v. Earp*, supra, must be overruled to the extent that the holdings thereof are inconsistent with the Supreme Court's decision in *Witcher v. Pender*, supra, and that the decision of this court in *Whidby v. Columbine Carrier*, supra, remains viable authority. Because the trial court in the instant case correctly refused to allow appellant-plaintiff to use appellee-defendant's first offender record for general impeachment purposes, the judgment is affirmed. "This decision does not affect the holding of *Hightower v. General Motors Corp.*, 255 Ga. 349 ([supra]), that evidence of a first offender record is admissible in a civil trial to impeach an adverse witness by disproving or contradicting his testimony." *Witcher v. Pender*, supra at 249.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope, Beasley and Cooper, JJ., concur.*

DECIDED SEPTEMBER 12, 1990.

*Davis, Sissel & Williams, Warren P. Davis*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier*, for appellee.