S91A1252. PRIEST v. THE STATE.
(409 SE2d 657)

CLARKE, Chief Justice.

James H. Priest, Jr., a 17-year-old high school student, was arrested and charged with possession of a controlled substance and burglary. A negotiated plea was arranged which called for "first offender" treatment for both offenses, probation, a fine and community service. The trial judge also decided that under OCGA § 40-5-75, which requires suspension of license of any person convicted of possession of a controlled substance, Priest's driver's license must be suspended. The judge accepted Priest's guilty plea on the condition that he have an opportunity to appeal the question of whether the license must be suspended. We conclude that a defendant who is given first offender treatment has not been "convicted" within the meaning of OCGA § 40-5-75 and mandatory driver's license suspension is not required.

1. First, the state argues that Priest cannot challenge the future suspension of his license by the Department of Public Safety in this appeal. The state argues that the suspension of a driver's license under OCGA § 40-5-75 results from the criminal sentence but is not part of the criminal sentence. The state asserts that the propriety of the suspension is not cognizable in an appeal from the criminal sentence.

The record demonstrates, however, that the suspension of Priest's license was imposed as a condition of probation, even though the trial court indicated that such a condition was mandatory. It is therefore an issue that is cognizable in this appeal from the probation order.

2. OCGA § 40-5-75 (a) provides for mandatory suspension of the driver's license of any person "convicted of possession of a controlled substance or marijuana in violation of subsection (b) of Code Section 16-13-2 or subsection (a) or (j) of Code Section 16-13-30. . . ." The question presented here is whether Priest, who entered a guilty plea but was not adjudicated guilty pursuant to OCGA § 42-8-60, has been "convicted" within the meaning of the mandatory license suspension statute.

Chapter 1 of Title 16 dealing with crimes and offenses defines

"conviction" as "a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty." OCGA § 16-1-3 (4). The First Offender Act allows first offenders to enter a plea of guilty or nolo contendere and to be placed on probation or incarcerated without an adjudication of guilt. OCGA § 42-8-60 (a). If the probation or incarceration term is completed without violation, the defendant is discharged without an adjudication of guilt and is "not . . . considered to have a criminal conviction." OCGA § 42-8-62. Thus, the entry of a guilty plea under OCGA § 42-8-60 is not a "conviction" within the usual definition of that term. *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6) (1990).

The state points out, however, that the usual definition of "conviction" does not apply generally within Chapter 5 of Title 40 dealing with drivers' licenses. The definition found in the general provisions relating to drivers' licenses gives the term "conviction" a very broad construction. OCGA § 40-5-1 (6). "Conviction" is defined to include "a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, the payment of a fine, a plea of guilty, or a finding of guilt *on a traffic violation charge*, regardless of whether the sentence is suspended, probated or rebated." (Emphasis supplied.) OCGA § 40-5-1 (6). As the Court of Appeals noted in *Salomon v. Earp*, 190 Ga. App. 405, 406-407 (379 SE2d 217) (1989), "[t]he statutory definition does not carve out an exception for entries of pleas of guilty or the payment of a fine in a first offender situation. Nor does it require an adjudication of guilt." Thus, an entry of a guilty plea to a traffic violation charge is properly treated as a "conviction" under Chapter 5 of Title 40 even if it is given first offender treatment. *Salomon*, supra (driver's license was properly suspended under OCGA § 40-5-63 where defendant pled guilty to homicide by vehicle and was treated as a first offender).

It must be noted, however, that the definition of conviction found in OCGA § 40-5-1 (6) is limited to traffic violation charges. Entry of a guilty plea to a charge *other* than a traffic violation charge does not fit within the expansive definition of "conviction." The statute providing for mandatory license suspension applies specifically to "a person convicted of possession of a controlled substance or marijuana in violation of subsection (b) of Code Section 16-13-2 or subsection (a) or (j) of Code Section 16-13-30. . . ." Because the possession of a controlled substance or marijuana is not a traffic violation, we conclude that the definition of conviction found in OCGA § 40-5-1 (6) does not apply. Instead, the definition that applies under the referenced Code sections — that is, the definition found in OCGA § 16-1-3 (4) — applies. Thus, suspension of Priest's driver's license is not mandatory.

We note, however, that a trial judge has considerable discretion in fashioning appropriate conditions of probation. OCGA § 42-8-35.

Nothing in this opinion should be construed as limiting the trial judge's discretion in deciding when surrender of a driver's license may be an appropriate condition of probation.

3. Because of our disposition of the issue presented in Division 2, there is no need to address Priest's constitutional challenge to the application of the mandatory license suspension provision to his case.

In sum, we hold that OCGA § 40-5-75, which mandates driver's license suspension for any person convicted of possession of a controlled substance or marijuana, does not apply to those defendants who are given first offender treatment under OCGA § 42-8-60.

*Vacated and remanded. All the Justices concur.*

DECIDED NOVEMBER 1, 1991.

*McVay & Stubbs, Robert W. Stubbs III, J. Richard Neville,* for appellant.
*Garry T. Moss, District Attorney,* for appellee.
*Michael J. Bowers, Attorney General, Neal B. Childers, Assistant Attorney General,* amicus curiae.