A92A1965. POTTS v. THE STATE.
(429 SE2d 526)

BLACKBURN, Judge.
The defendant, John Christopher Potts, was convicted by a jury

of three counts of child molestation and sentenced to ten years' imprisonment with four years' probation on each count, to serve concurrently. On appeal, the defendant asserts that the trial court erred in denying his motion for new trial.

At trial, one of the victims, the ten-year-old daughter of the defendant's former girl friend, testified that during the school year of 1991, the defendant pulled down her panties and put his finger in her vagina. On that evening, she went into the bedroom where the defendant and her mother were sleeping and got into the bed with them because she was afraid. However, the defendant was not charged as a result of this incident.

On or about July 13 and 14, 1991, while this victim was visiting the home of the defendant's sister, the defendant got into the bed where the victim and the defendant's daughter had been sleeping, and pulled down her panties. The victim immediately moved the defendant's hand. The next day, she informed her mother of this incident and later that day, reported the incident to the police department.

The defendant's eleven-year-old daughter testified that during that same time period, the defendant got into the bed where she and the ten-year-old victim had been sleeping and rubbed her buttocks as well as other parts of her body. He put his finger in her rectum and got on top of her back while she was lying on her stomach. This victim pushed the defendant off her back and went upstairs to the bathroom. The next day, she discussed the incident with the ten-year-old victim who had informed her that the defendant had touched her also. The defendant's daughter discussed this incident with her mother on the next day and they reported it to the police department. The defendant had touched her vagina before in 1987 and stopped when his female roommate entered the room.

The mother of the ten-year-old victim testified that her daughter informed her of the July 1991 incident the day after it occurred. She picked up her daughter from the home of the defendant's sister and took her to the police station. The victim informed her that the defendant had put his hand in her rectum. The mother was aware of the 1987 incident during which the defendant touched her daughter's vagina.

Detective Lisa Sikes of the Gwinnett County Police Department testified that on July 14, 1991, she obtained a statement from the defendant and the victims. In his statement, the defendant asserted that he had been drinking on July 13, 1991, and woke up the next morning in the bed where the victims had been sleeping. He did not remember how he wound up in the bed with the victims. The 11-year-old victim indicated in her statement that the defendant put his finger in her rectum and laid on top of her while she was lying on her

stomach. This victim also stated that the defendant rubbed her buttocks as well as other parts of her body. She also mentioned the 1987 incident. In her statement, the ten-year-old victim noted that the defendant pulled down her panties and touched her chest.

During the trial, the defendant testified that he did not remember what happened between the time that he headed downstairs where the victims were sleeping on or about July 13, 1991, and the time that he woke up the next morning in their bed. He did not remember putting his finger in his daughter's rectum or pulling down the panties of the ten-year-old victim.

1. In his first enumeration of error, the defendant contends that the trial court erred in charging the jury that the immoral and indecent acts could be performed with the intent to arouse or satisfy the sexual desires of either the child or the person when the indictment only asserts that the acts were done with the intent to arouse the accused. The defendant asserts that this error committed by the trial judge warranted a new trial. We disagree.

"In criminal prosecutions the court's instructions to the jury must be tailored to fit the charge in the indictment and the evidence admitted at trial. [Cits.]" *Walker v. State,* 146 Ga. App. 237, 244 (2) (246 SE2d 206) (1978). However, " '[i]t is not usually cause for new trial that an entire Code section is given. . . . [Cits.]' " *Slack v. State,* 159 Ga. App. 185, 188 (2) (283 SE2d 64) (1981). "[A] charge on a code section in its entirety is not error where a part thereof is applicable and it does not appear that the inapplicable part misled the jury or erroneously affected the verdict. [Cits.]" *Searcy v. State,* 168 Ga. App. 233 (1) (308 SE2d 621) (1983); see also *Slack,* supra at 188. Further, in such event, any error is not harmful if "the trial judge confined the elements of the crime to those charged in the indictment." *Searcy,* supra at 235 (1). In the case sub judice, the trial judge charged the jury with the definition of child molestation as contained in OCGA § 16-6-4, but subsequently instructed the jury that the defendant's guilt must be based upon the offenses set forth in the indictment. Accordingly, we find that the trial court did not err in denying the defendant's motion for new trial on this ground.

2. In his second enumeration, the defendant contends that the trial court erred in failing to grant his motion for directed verdict as to Count 2 because the evidence was insufficient to support the verdict. We disagree.

"Where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense, the court may direct the verdict of acquittal to which the defendant is entitled under the evidence. . . ." OCGA § 17-9-1 (a). "A motion for a directed verdict . . .

under [this section] addresses the sufficiency of the evidence, not the sufficiency of the underlying indictment." *Williams v. State*, 162 Ga. App. 350, 351 (291 SE2d.425) (1982). "On appeal of a criminal conviction, the evidence is to be viewed 'in the light most favorable to the prosecution' (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant." *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986).

In this appeal, the evidence presented by the prosecution shows that the defendant pulled down the panties of the ten-year-old victim, although the defendant testified that he did not remember what happened after he descended the stairs in the direction of where the victims were sleeping due to his alcohol consumption. The defendant did not specifically deny that the incidents took place as the victims testified. "The question of witness credibility . . . is for the jury. [Cit.] . . . [T]his court determines the sufficiency of the evidence, but does not weigh the evidence or determine witness credibility. [Cit.]" *Daniel v. State*, 200 Ga. App. 79, 80 (1) (406 SE2d 806) (1991). The jury resolved the conflict in the evidence against the defendant and this court may not substitute its judgment for that of the jury. We have reviewed the evidence in the light most favorable to the prosecution and conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In his third enumeration, the defendant asserts as error the trial court's addendum to the probationary portion of the sentence prohibiting the defendant's contact with any child under the age of 16. However, the trial court only limited the defendant from having contact with children under 16 years of age in volunteer activities and seeking employment which requires regular contact with children under 16.

"The imposition of terms of probation is within the trial court's discretion. [Cit.]" *Hardman v. Hardman*, 185 Ga. App. 519, 521 (5) (364 SE2d 645) (1988), rev'd on other grounds in *Pender v. Witcher*, 196 Ga. App. 856 (397 SE2d 193) (1990). In *Hardman* this court found that the trial court did not abuse its discretion in limiting the defendant's unsupervised contact with females under age 14 as a condition of probation for child molestation. Considering the nature of the crime committed by this defendant and the age of the victims involved, we find no abuse of discretion in this condition imposed by the trial court.

4. In his fourth enumeration of error, the defendant contends that the trial court erred in ordering restitution without holding a restitution hearing. We agree.

OCGA §§ 17-14-8 through 17-14-10 " 'contemplate *a hearing* and

specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof. (Cit.)' (Emphasis supplied.) [Cit.]" *Patterson v. State,* 161 Ga. App. 85, 86 (5) (289 SE2d 270) (1982). "In the absence of a pre-sentence hearing wherein the parameters of the above-cited Code sections are considered by the trial court, a sentence imposing restitution cannot stand. [Cit.]" *Thompson v. State,* 186 Ga. App. 471, 474 (4) (367 SE2d 320) (1988).

In the case sub judice, no such hearing was conducted and no written findings were made by the trial court with regard to restitution. Consequently, as this court held in *Thompson,* supra, that portion of defendant's probationary sentence which imposes reimbursement for psychological counseling of the victims must be vacated and the case remanded to the trial court with direction that a hearing on the issue of restitution be made in accordance with the above-referenced Code sections.

5. The defendant contends that the trial court erred in considering a sentence improperly before it in the sentencing portion of the trial. The defendant asserts that the trial court erred in considering a sentence from the State of Kentucky which was similar to a first offender sentence and subject to discharge. This enumeration is without merit.

During a pre-sentence hearing, the trial judge can hear additional evidence on aggravation of punishment including the record of any prior criminal convictions and pleas of guilty or nolo contendere. OCGA § 17-10-2. In this case, the trial court considered the defendant's guilty pleas entered in the State of Kentucky to one count of trafficking in a controlled substance and four counts of illegal possession of a controlled substance. Although the judgment of seven years' imprisonment to the trafficking charge and ninety days' imprisonment to one count of possession of a controlled substance was withheld, the defendant was sentenced to five years of probation and has not shown that the sentence was discharged. We conclude that the trial court's consideration of the guilty pleas and the probated sentence was proper.

6. The defendant asserts that the trial court erred in allowing hearsay evidence during pre-sentencing concerning whether his prior conviction in Kentucky was given first offender status. We disagree.

In this case, the trial judge permitted the prosecutor to discuss the contents of an affidavit obtained from a district attorney in Kentucky as to whether the defendant's prior conviction would be under a first offender type program similar to the one in this state. The information was provided by the prosecutor after the defendant raised the possibility that the conviction was under a first offender plan in Kentucky. "Assuming [arguendo that] the testimony [is] hearsay, . . . we conclude that its admission, under the facts of this case, was

harmless error. . . . [I]n order to justify a new trial or reversal, the trial court's ruling must be both erroneous and harmful to the appellant. [Cits.]" *Glass v. State*, 235 Ga. 17, 19 (2) (218 SE2d 776) (1975). The appellant has not shown that he has been harmed by the admission of this evidence. On the contrary, the trial court was inclined to sentence the defendant to imprisonment before the Kentucky sentence was considered. Consequently, this enumeration is without error.

7. Lastly, the defendant contends that it was error for the trial court to deny his motion for new trial because the state failed to give him potentially exculpatory information. Specifically, he asserts that the prosecution failed to give him the name of his former roommate who was not called by or interviewed as a witness for the prosecution. This individual walked into the room during the 1987 incident. We find that this enumeration is also without merit.

On November 15, 1991, the defendant made a general request for anything exculpatory in nature. "In response to this type of request, the prosecutor must disclose evidence which creates a reasonable doubt of guilt which did not otherwise exist. [Cits.]" *Radford v. State*, 251 Ga. 50, 52 (4) (302 SE2d 555) (1983). The defendant has not shown that the testimony that would have been elicited from his former roommate would have created a reasonable doubt as to his guilt of the 1987 charge and merely speculates that any testimony elicited from this witness would have been exculpatory in nature. The defendant has not substantiated his assertion that the state had possession of any information which would have exonerated him of the 1987 molestation charge. Accordingly, the trial court did not err in denying the defendant's motion for new trial on this ground.

*Judgment affirmed as to conviction; judgment affirmed as to sentence but vacated only as it relates to restitution and case remanded for hearing as directed in Division 4. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 17, 1993 — ■■■■■■■

*Moore & Davidson, W. Keith Davidson*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.