## 21789. CENTRAL OF GEORGIA RAILWAY COMPANY v. BROWER.

SUBMITTED NOVEMBER 13, 1962—DECIDED DECEMBER 3, 1962—REHEARING DENIED DECEMBER 14, 1962.

*Farkas, Landau & Davis,* for plaintiff in error.

*Burt & Burt, H. P. Burt, H. G. Rawls, D. C. Campbell,* contra.

CANDLER, Justice. Stanley E. Brower sued the Central of Georgia Railway Company for damages. His amended petition alleges that he was personally injured because of the defendant's negligence when a taxicab he was driving in the City of Albany collided with a freight train of the defendant at a public crossing. The case resulted in a verdict for the plaintiff and the defendant's motion for judgment notwithstanding the verdict was overruled. The Court of Appeals affirmed that judgment. See *Central of Ga. R. Co. v. Brower,* 106 Ga. App. 340 (127 SE2d 33). Certiorari was granted by this court to review that ruling.

No confusion of the law applicable to this case ought to exist, as our Code expressly declares that no person shall recover damages from a railroad company for injury to himself or his property in the following cases: (1) Where such injury is done by his consent, or caused by his negligence (*Code* § 94-703), (2), if

the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence (*Code* § 105-603). It is also expressly provided, as the rule which governs a recovery for such injuries, that if the plaintiff and the company are both at fault, the plaintiff may recover, but the damages shall be diminished in proportion to the amount of negligence attributable to the plaintiff. § 94-703, supra. In this case there is no contention that the defendant injured the plaintiff by any wilful or wanton act and the evidence utterly fails to show that the plaintiff's injury resulted from any act of negligence attributable to the defendant. Indisputably, it shows the following facts: The plaintiff had lived in Albany thirteen or fourteen years immediately prior to the date he was injured when a taxicab he was driving collided with the defendant's train at a public crossing in Albany. He resided three blocks from the crossing at which the collision occurred. He had driven a taxicab in Albany for Beck's Cab Company for a year immediately prior to his injury. He had passed over this particular crossing many times, both during the day and during the night, and was perfectly familiar with its location. He received a call before daylight on January 2, 1959 to pick up a passenger at 718 Society Avenue. When the call came in, he was sitting in the station "dozing." He had then been on duty for thirteen hours. He immediately left alone for the purpose of picking up his passenger. When he reached a point about a block from the crossing, which he knew he was approaching, he stopped behind another car and that was, according to his own testimony, the last thing he remembered until he woke up in a hospital four or five days after he was injured. He ran into the side of the 33rd car of the defendant's 83 car freight train, a car loaded with pulpwood. No one saw him hit the car and there were no skid marks on the pavement indicating he tried to stop before the collision. A signal light at the crossing was flashing and was plainly visible for at least 4/10ths of a mile away from the crossing in the direction from which he was approaching it. The foot brakes on his car were in good condition. His car ran straight into the side of the train which was then traveling eleven miles per hour. The automatic bell on the train's engine was

still ringing after the collision. As a witness in his own behalf, he testified that he never heard or saw the train he struck, and on cross-examination he admitted that he had sworn at a hearing of his claim for accident benefits before the Workmen's Compensation Board that he did not know the cause of the collision, giving as his reason therefor, "I dozed off, not being fully awake when I went out on the call." Immediately after he was injured and before he was carried to a hospital, he indentified himself by giving his name and address. Two attending physicians testified he was conscious and rational when he was brought to the hospital and Dr. Cantrell testified that he, at that time, asked for and knew him. As we view the evidence, it shows without dispute that the plaintiff was the author of his own misfortune. Hence, a verdict for the defendant was demanded; and since it was, its motion for judgment notwithstanding the verdict should have been granted, and the Court of Appeals erred in affirming the trial court's judgment overruling the defendant's motion for judgment. As supporting authorities for the ruling here made, see *Southern R. Co. v. Blake,* 101 Ga. 217 (29 SE 288) and citations; *Brinson v. Davis,* 32 Ga. App. 37 (122 SE 643); *Central of Ga. R. Co. v. Adams,* 39 Ga. App. 577 (147 SE 802); *Lane v. Gay,* 41 Ga. App. 291 (153 SE 72); *Tidwell v. Atlanta B. & C. R.,* 42 Ga. App. 744 (157 SE 535); and *Rape v. Tennessee Ala. &c. R. Co.,* 49 Ga. App. 175 (174 SE 551).

*Judgment reversed. All the Justices concur.*