## S91A0629. JOHNSON v. THE STATE.
### (405 SE2d 686)

SMITH, Presiding Justice.

The appellant, Martha Ann Johnson, was convicted for the murder of her daughter and sentenced to life in prison.[1] We affirm.

In 1982 the Clayton County Police Department responded to a call regarding the death of a child, Jenny Ann Wright, Mrs. Johnson's 11-year-old daughter. The state crime lab performed an autopsy and determined that asphyxiation was the cause of death.

Mrs. Johnson was informed that she was a suspect in the death of her daughter Jenny and the deaths of her three other children; however, no action was taken against Mrs. Johnson until the case was reopened in 1988.[2] During an audio- and videotaped interview between Mrs. Johnson and an officer on July 3, 1989, at the Clayton County Police Department, Mrs. Johnson admitted killing her daughter and also admitted killing her son J. W. Taylor. She denied causing the deaths of her two other children, Wayne Bowen and Tabitha Bowen.

1. The evidence is sufficient such that a rational trier of fact could have found the appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant argues that the trial court erred in admitting her confession into evidence over her objection. OCGA § 24-3-50 provides: "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." We conclude that the trial court's decision to allow the appellant's confession into evidence was not error. *Spence v. State*, 252 Ga. 341 (313 SE2d 475) (1984).

3. The appellant alleges the trial court erred in permitting the statistician to testify over her objection. We agree. An opinion of a witness is inadmissible when the information upon which the opinion is based is not given. This is true, even though the witness is an expert on some subjects, when the opinion testimony relates to a subject on which the witness is not qualified as an expert. *Central of Ga. R. Co. v. Brower*, 106 Ga. App. 340 (127 SE2d 33), rev'd on other grounds, 218 Ga. 525 (128 SE2d 926) (1962). When asked about the probabilities that a child, such as one of the deceased children of the

---

[1] The child's death occurred on February 21, 1982. The Clayton County jury returned its sentencing verdict on May 5, 1990. A motion for new trial was denied on December 17, 1990. Notice of appeal was filed December 20, 1990, and the case was docketed February 7, 1991. The case was orally argued April 15, 1991.

[2] Three other children ages one-and-a-half years, two years, and three months, died from 1977 to 1981. The causes of death were listed on the death certificates as Sudden Infant Death Syndrome, seizure disorder, and Sudden Infant Death Syndrome.

appellant, would die of Sudden Infant Death Syndrome (SIDS), the witness stated that "about 5% of these cases, and this is a very conservative estimate, might be due to causes similar to SIDS." There was no factual basis given for this calculation, nor was there any foundation laid as to the witness' knowledge of the symptoms or causes of SIDS. The witness' sole support for his calculations was that he had "long conversations with several subject experts at [the Centers for Disease Control] who are pediatricians and I have talked to them about this case to make sure that my calculations are not off base." The witness was not a doctor, but a biostatistician qualified only to testify as to the method of calculation of the probabilities of independent events. Similarly, the pediatricians were not shown to be statisticians capable of commenting intelligently as to the accuracy of the witness' analysis.

We disapprove of the admission of such testimony, however, in light of the appellant's confession, the admission of the statistician's testimony was harmless error.

4. The appellant also asserts that the trial court erred in failing to give a jury charge on good character. The testimony presented by the appellant's husband was not sufficient to raise good character as a defense. In *Jones v. State*, 257 Ga. 753, 757 (363 SE2d 529) (1988), we held that a character witness could testify only to the general reputation of the defendant in the community and was not permitted to give his personal opinions as to the defendant's character. Mr. Johnson's testimony did not rise to character evidence. He only gave his opinion about his wife; he did not put into evidence her reputation in the community.

The appellant testified extensively before the jury and denied committing the murder. She did not rely on a character defense. Character is not put in issue within the meaning of OCGA § 24-9-20 (b) by inadvertent statements regarding defendant's good conduct. *Jones*, supra at 758. Character should be placed in evidence as an affirmative defense. We affirm the trial court's decision in refusing to charge the jury on character.

5. We need not address any other issues raised in this appeal as they do not constitute error.

*Judgment affirmed. All the Justices concur, except Hunt, and Fletcher, JJ., who concur in the judgment only.*

DECIDED JULY 9, 1991.

*Cowen & Cowen, Martin L. Cowen III,* for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney, Michael J. Bowers, Attorney General, Thomas A.*

*Cox, Jr.,* for appellee.