## A92A1244. METHENY v. THE STATE.
### (424 SE2d 857)

BIRDSONG, Presiding Judge.

Willis Metheny was indicted for eight counts of burglary and possession of burglary tools. Appellant was arrested in January 1991, for the crimes comprising the first three counts; while in jail he cooperated with police and was released to assist police in investigations of other crimes. But, five burglary offenses were committed after he fulfilled his obligations to police. He was convicted of six counts. *Held*:

1. Appellant contends the trial court erred in admitting copies of prior convictions when he did not place his character in evidence. We find no error. On cross-examination as to what he meant by saying he had probably overstepped the bounds of his agreement with police, appellant volunteered: "Too closely affiliating myself with some of the

---

individuals involved in things. But . . . I had some degree of pressure on me . . . I'm sure you're going to make my record a part of this, okay. Whether or not I committed [burglary] had very little bearing on anything when you've got a record like mine . . . but I don't feel as though I directly or deliberately committed any acts of crime."

*Jones v. State*, 257 Ga. 753, 759 (1) (b) (363 SE2d 529), held: "Where the defendant testifies and admits prior criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination." See also *Hurston v. State*, 189 Ga. App. 748, 750 (377 SE2d 519). But according to *Johnson v. State*, 261 Ga. 419, 420 (405 SE2d 686), character is put in issue when it is "placed in evidence as an affirmative defense." Appellant put his character "in issue" in this case by asserting that some of these charges arose out of the fact that he was under "pressure" by police because of his record and that he did not commit the crimes. In holding that a defendant who admits prior criminal conduct has not placed his character " 'in issue,' " *Jones*, supra, did not speak to the situation where the defendant uses his criminal record as a defense. Appellant's election to use his record as a defense was not "inadvertent" (id. at 758) but was made with the purpose of exonerating himself. Nor was the State restricted to "rebuttal" by cross-examination (see *Jones* at 759); there was nothing to rebut. Since appellant elected to put his character "in issue" so as to benefit from his criminal record, he abandoned any right to object to the admission of the best evidence of it. *Moret v. State*, 246 Ga. 5, 6 (268 SE2d 635).

Moreover, since he relied upon his criminal record as a defense to the present charges, he cannot have been harmed by the admission of it in evidence. As to the requirement to show harm, see *Frost v. State*, 200 Ga. App. 267, 271 (407 SE2d 765).

2. The trial court did not err in allowing the State to impeach a defense witness by his first offender plea. Appellant contends the rule allowing a defendant to impeach a State's witness by a first offender record (see *Gilstrap v. State*, 250 Ga. 814 (301 SE2d 277)) is not available to allow the State to impeach a defense witness in that way, because the right of a criminal defendant to impeach witnesses outweighs a first offender's right to be protected from the stigma of having committed a crime, and the State faces none of the risks faced by a criminal defendant.

In a civil case an adverse party's first offender plea is admissible for impeachment to disprove or contradict his testimony (*Hightower v. General Motors Corp.*, 255 Ga. 349 (338 SE2d 426); see *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6)); so it is not true that the only exception to the rule forbidding use of a first offender's conviction

against him exists to benefit persons being prosecuted for a crime. We do not think the State's rights and risks are less important than the defendant's. Assuredly the State's interests in a criminal prosecution are not outweighed by a defense witness' right to be shielded from the "stigma" of having committed a crime.

3. Appellant contends the evidence was insufficient to support convictions on Counts 1 and 5. The evidence shows that on January 30, 1991, police arrived two-and-one-half minutes after a silent alarm went off at the UWL Landfill, which was closed at the time. They found appellant about 100 yards from the landfill. Appellant indicated he had been parking with his girl friend but that she had driven away. When officers escorted appellant to the alarm box, they recovered a flashlight such as was found in another UWL Landfill burglary (as to which the trial court granted appellant a directed verdict of acquittal), and appellant's shoe matched a shoe print taken from the landfill during the investigation of a third burglary (as to which the trial court granted appellant a directed verdict). As to the count involving burglary of St. Louis Enterprises on September 18, 1991, the night security guard, who lived on the premises, testified that at about 4:30 a.m. he was awakened by a loud noise. He turned on the lights, grabbed an axe, and saw appellant. Appellant told the guard his car broke down and he was looking for a screwdriver to fix it, but in fact his car was backed up to the building with the bumper five or six feet from the building. We find the evidence, including evidence of similar crimes in the additional counts, sufficient to enable a reasonable trier of fact to find appellant guilty of the elements of the crimes charged, including that he was not authorized to enter the premises, beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs in Divisions 2 and 3 and in the judgment.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED NOVEMBER 17, 1992

*David L. Whitman*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.