A94A0466. ENGLAND v. THE STATE.
(447 SE2d 654)

SMITH, Judge.
Jermaine Randolph England and a codefendant were charged with armed robbery and possession of a firearm during the commission of a felony. England was convicted of the former charge and acquitted of the latter. He appeals, claiming the trial court erred in allowing the State to impeach an alibi witness's character with the witness's "first offender conviction [sic]" and in subsequently instructing the jury "as to the effect of said impeachment."

England's witness testified on direct examination that he had been convicted in the past of shoplifting, but no other crime. During cross-examination a bench conference was held at which the following

transpired:

"THE STATE: [The defense witness has] been convicted of theft by receiving, and I'm gonna use that to impeach him, because first of all, that's the only thing he said — he said he was only convicted of shoplifting, —

"THE COURT: That's correct.

"THE STATE: [inaudible]. . . .

"THE STATE: And he's also "first offender" under that. And the State can, under . . .

"TRIAL COUNSEL: We have no objection to that, Your Honor." (End of bench conference.) The State then proceeded to confront the witness with his prior "conviction" for theft by receiving. On redirect, trial counsel confirmed that the shoplifting charge brought out on direct examination and the theft by receiving charge brought out on cross-examination, were treated together "as sort of a package" — "all done at one time."

Trial counsel then asked the witness whether his first offender status had ever been revoked. The witness responded negatively. Trial counsel then addressed the court: "As a matter of law, now that this evidence is out, I'm gonna move to with — to have the court withdraw from consideration State's Exhibit 23, because first offender status was given and was never revoked. And this man has never been convicted of anything." The court agreed that first offender treatment is not a "conviction." See OCGA §§ 42-8-60; 42-8-62 (a). The State asked for an opportunity to research the law, and the court reserved ruling on whether the disputed exhibit would go out with the jury.

When the matter was revisited, trial counsel requested that the court fashion a charge "just to let the jury know that he's never been convicted, *but that he's been impeached*. . . ." The exhibit was ultimately sent out with the jury at the time of deliberation.

1. We first note that trial counsel at no time challenged whether the witness's first offender treatment for theft by receiving was properly used to impeach his claim that he had never been convicted of any crime other than shoplifting. On the contrary, trial counsel conceded that his witness had been impeached when he requested a charge to that effect. Therefore, that issue is not before us. *Strong v. State*, 263 Ga. 587, 589 (3) (436 SE2d 213) (1993).

Since the impeachment of England's witness is not at issue, we find no basis for reversal. The exhibit in question merely documented facts brought out by the State without objection when the defense witness was "impeached." Moreover, the exhibit actually confirms England's assertion that the witness received first offender treatment rather than a conviction on the theft by receiving charge. Since the exhibit was merely cumulative of evidence brought out without objection on cross-examination of England's witness, any error in allowing

the exhibit to go out with the jury was harmless. See, e.g., *Williams v. State*, 256 Ga. 655, 657 (2) (352 SE2d 756) (1987).

2. England complains that the court's instruction on the effect of his witness's first offender plea was confusing, misleading, and incorrect. However, the potentially damaging impact of the first offender plea on the witness's credibility would not be lessened significantly by an instruction on the proper *characterization* of that plea under Georgia law, no matter how accurately stated. Since the challenged instruction involved at best a collateral matter, we find any error to be harmless. See *Kemp v. State*, 163 Ga. App. 680, 682 (3) (296 SE2d 71) (1982).

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Andrews, J., and Senior Appellate Judge Harold R. Banke concur. Beasley, P. J., and Johnson, J., concur in the judgment only. Pope, C. J., and Blackburn, J., dissent.*

POPE, Chief Judge, dissenting.

I write separately because I believe it is necessary to address the question left unanswered by the majority: may a first offender record be used to impeach a witness in a criminal case?

There are several ways to impeach a witness. See OCGA §§ 24-9-82 through 24-9-84. One way a witness may be impeached is to present evidence that the witness has been *convicted* of a felony or a crime involving moral turpitude. *Giles v. Jones*, 169 Ga. App. 882 (315 SE2d 440) (1984); OCGA § 24-9-84. Georgia law specifically provides that upon fulfillment of the terms of probation under the first offender statute, "the defendant shall be discharged without adjudication of guilt [and] shall not be considered to have a criminal *conviction*." (Emphasis supplied.) OCGA § 42-8-62. "This provides the person who successfully completes his probation under the first offender statute protection against the stigma of a criminal record." *Witcher v. Pender*, 260 Ga. 248, 249 (392 SE2d 6) (1990). I have long held the view that this plain language of the statute precludes the use of a first offender record to impeach a witness by showing *conviction* of a felony or crime involving moral turpitude. *Hightower v. General Motors Corp.*, 175 Ga. App. 112, 115-118 (332 SE2d 336) (1985) (Pope, J., dissenting). It is also my belief that such a use would contravene the obvious intent of the legislature in enacting the first offender statute.

In *Favors v. State*, 234 Ga. 80 (214 SE2d 645) (1975), our Supreme Court considered whether a defendant in a criminal case was entitled to impeach a witness for the State by use of the witness' first offender record. The court in *Favors* stated the issue as follows: "we are called upon here, as a matter of first impression in this state, to undertake to balance the protection afforded by law to a first offender with the right of a person accused of [a] crime to cross examine the

witnesses called against him. Shall the rights of the first offender, or those of the defendant charged with a crime, be protected at the expense of the other?" Id. at 86. In deciding this issue, the court recognized both that a " 'conviction' [as opposed to the fact of indictment, arrest or trial] is critical to impeachment by prior conviction of [a] crime" and that a defendant who has been accorded first offender treatment "shall thereafter not be considered to have a criminal conviction." (Citation and punctuation omitted.) Id. at 86. However, the court concluded that "balancing the rights of a first offender to be protected against having the stigma of a criminal record as opposed to the rights of a defendant in a criminal case to impeach the testimony of the witnesses against him, the latter prevails." Id. at 87. See also *Gilstrap v. State*, 250 Ga. 814 (301 SE2d 277) (1983) (following *Favors*, holding trial court erred in refusing to allow defendant to impeach State's witness with first offender record).

More recently, in the case of *Witcher v. Pender*, the Supreme Court considered the issue of whether a first offender record of an adverse witness in a civil case was admissible to impeach the witness by showing the witness had been convicted of a felony or a crime involving moral turpitude. In *Witcher*, unlike *Favors*, the Supreme Court was not concerned with a "balancing of rights" but instead based its ruling on the express language of the statute and the obvious intent of the General Assembly. The court thus reasoned that since there was no "conviction" in a case given first offender treatment, the first offender record could not be used to impeach an adverse witness by showing that the witness has been convicted of a crime involving moral turpitude. Compare *Hightower v. General Motors Corp.*, 255 Ga. 349, 351 (338 SE2d 426) (1986) (holding first offender plea admissible to disprove or contradict testimony of the plaintiff).

By examining the Supreme Court's decisions in *Favors* and *Witcher*, supra, the fallacy of this court's decision in Division 1 of *Moon v. State*, 154 Ga. App. 312 (268 SE2d 366) (1980) becomes clear. In that case, this court, without analysis, extended the exception announced in *Favors* to allow the use of first offender records in criminal cases to impeach *defense* witnesses. However, the court offered no explanation as to how the balancing of rights analysis offered in *Favors* could apply when the defendant's witness was being impeached. Likewise, in the more recent case of *Metheny v. State*, 206 Ga. App. 275 (424 SE2d 857) (1992) this court again held that a first offender record was admissible to impeach a defense witness, stating "[a]ssuredly the State's interests in a criminal prosecution are not outweighed by a defense witness' right to be shielded from the 'stigma' of having committed a crime." Id. at 277. However, in neither *Metheny* nor *Moon* was any "right" or "interest" of the State spelled

out, and I believe that in the absence of a compelling reason, i.e., protection of a constitutional right such as in *Favors*, the right of the first offender to be protected from the stigma of a criminal record must predominate. See *Hightower*, supra at 352 (Bell, J., concurring specially). It is thus my opinion that both *Moon* and *Metheny* should be overruled to the extent that these cases allow the State to use a witness' first offender plea as a "conviction" for impeachment purposes. Moreover, while overruling these cases may not be *mandated* by the Supreme Court's holding in the civil case of *Witcher*, it follows from the reasoning of *Witcher* that these cases should be overruled.

That use of the first offender record to show a criminal conviction for impeachment purposes contravenes the plain language of the statute is aptly illustrated by the trial judge's attempt in this case to explain in its charge to the jury how the witness had been impeached by evidence which did *not* otherwise constitute conviction of a crime. The Court charged "[I]f a person . . . has been held a First Offender, under those circumstances he is not guilty until such time as the time that he has been given to clear his name has passed. And if he does that, then he has no record. But on the other hand, . . . the defendant's right to be protected from the stigma of having committed a crime . . . does not keep the State from entering the evidence, the fact . . . for the purposes of impeachment, that the witness . . . that the witness has been tried and found guilty under — as a First Offender." The transcript reveals other instances of obvious confusion over the admission of the first offender record, with the trial court trying to reconcile the plain language of the statute with this court's holdings allowing the admission of the first offender record for impeachment. I believe it is time to clarify the law in this area, and that once the law is made clear it becomes obvious that the State's questioning of the witness about the crime for which he had received first offender treatment was improper, that the first offender record should not have gone out with the jury during their deliberations,[1] and that the trial court's charge served to further confuse the issues. In my opinion defendant is entitled to a new trial, free of the taint of improper evidence and confusing jury charges.

I am authorized to state that Judge Blackburn joins in this dissent.

DECIDED JULY 14, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 — ▮▮▮▮▮▮

---

[1] Although there is some question about whether the record was actually admitted into evidence, the court reporter noted that it was sent out with the jury.

*M. Ross Becton, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.

