A94A2699. WILKEY v. THE STATE.
(450 SE2d 846)

BIRDSONG, Presiding Judge.

Kenneth Ray Wilkey was convicted of aggravated assault, for having brutally beaten his girl friend in a series of incidents occurring over one day. After a pool party at the victim's mother's house, Wilkey struck the victim across her face and injured her lip. Wilkey hit the victim again with the back of his hand, causing blood and flesh to fly across the coffee table. After Wilkey left, a woman friend of the victim urged her to leave the house. The victim left with her friend, but they met Wilkey on a roadway at the foot of Lookout Mountain. Wilkey dragged the victim out of her car by the hair of her head and forced her to go with him. In his car, Wilkey punched the victim in the face and bit her on the nose. When he and the victim returned to their home, he pushed her on the bed, choked her, and told her he would rather see her dead than for her to leave. Some of these events may have occurred in Tennessee but most occurred in Georgia.

At trial, appellant testified on direct examination that after his arrest, "I was at the Diversion Center in Rome, Georgia, and she would come and see me on visiting days." On appeal he complains that the trial court, over objection, permitted the prosecution to question him about the reason for his incarceration, which was that he had failed to pay a probation fine. *Held*:

The trial court did not err in permitting the State to cross-examine appellant about the reason for his incarceration. Assuming appellant did not, merely by volunteering that he had been incarcerated, put his character "in issue" within the meaning of OCGA § 24-9-20 (b) so as to permit rebuttal by the State, he nevertheless raised an issue which may be fully explored by the State on cross-examination. *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529). When the defendant has put his character in issue or denied a prior crime, the State is entitled to make "an unbridled attack on the defendant's character or credibility by introducing evidence of past wrongdoing" (*Phillips v. State*, 171 Ga. App. 827, 831 (321 SE2d 393) (special concurrence) cited with approval in *Jones*, supra), but this is not the only instance in which the State may introduce evidence of prior crimes. The State, like any other party, has the right to conduct a thorough and sifting cross-examination of a witness as to any material issue. The State had the right to pursue the specifics of a topic he had introduced. *Brown v. State*, 204 Ga. App. 523 (420 SE2d 61). Appellant introduced this material issue and the State was entitled to explore it on cross-examination.

Moreover, by this testimony appellant implied that he had not beaten the victim, that she did not hold him responsible for the beatings, or that she bore him no ill will for his beating and remained on good terms with him, to the remarkable point of visiting him when he was jailed. This evidence by him was thus made with the purpose of exonerating himself. He therefore did, arguably, put his character in issue or at least raised a matter to be impeached, and the State was allowed to rebut his testimony under the ruling in *Jones*, supra. Further, by attempting to benefit from evidence indicating past criminal conduct, he waived any right in this case to object to the State's right to put that evidence in its true context for the jury. See, similarly, *Metheny v. State*, 206 Ga. App. 275, 276 (424 SE2d 857).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 28, 1994.

*John R. Emmett*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Melodie S. Bedford,*

*Mary Jane Melton, Assistant District Attorneys,* for appellee.

