## A96A0457. AYERS v. CITY OF ATLANTA.
(471 SE2d 240)

RUFFIN, Judge.

John C. Ayers, Jr. was driving home from an Atlanta restaurant when a state trooper stopped him for a traffic violation after 11:00 p.m. on May 11, 1993. He failed roadside sobriety tests, registered .15 on the Intoximeter 3000, and was charged with DUI per se (OCGA § 40-6-391 (a) (4)), and less safe to drive (OCGA § 40-6-391 (a) (1)). An Atlanta city court jury acquitted him of the per se charge, but after receiving testimony from the trooper and reviewing a videotape made during the roadside sobriety tests, convicted him on the less safe charge. We affirm.

1. Ayers claims the jury lacked sufficient evidence to convict him. In passing on this enumeration of error, we review the evidence with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986).

By his own testimony, Ayers had consumed one and one-half eight-ounce margaritas, but no food, between 8:30 and 10:30 p.m. The trooper, a member of the Alpha DUI task force, testified that when he stopped Ayers at approximately 11:20 p.m., Ayers smelled strongly of alcoholic beverages, his speech was slurred, his gait wobbly, and his face flushed. Ayers performed poorly on various "divided attention" sobriety tests, leading the trooper to conclude that he was intoxicated to the point he was less safe to drive. The jury saw Ayers and heard his voice on the trooper's videotape. This evidence was sufficient to allow a rational trier of fact to find Ayers guilty beyond a reasonable doubt. See *Martin v. State*, 216 Ga. App. 25, 26 (453 SE2d 498) (1995); *Lewis v. State*, 214 Ga. App. 830, 831-832 (1) (449 SE2d 535) (1994). The trooper described his qualifications and testified, based on his experience and training, that Ayers was intoxicated. "A police officer may give opinion testimony as to the state of sobriety of a DUI suspect and whether appellant was under the influence to the extent it made him less safe to drive. [Cits.]" *Lewis*, 214 Ga. App. at 832 (1). Although the jury did acquit Ayers of the traffic offense for which the officer stopped him, "[t]here is no requirement that the [defendant] actually commit an unsafe act" while driving. (Citation and punctuation omitted.) Id. at 831 (1).

To the extent Ayers claims circumstantial evidence of his intoxication did not exclude all reasonable hypotheses, his contention fails. Although he and his expert testified his diabetic condition could produce signs similar to alcoholic intoxication, his traveling companion testified that she was familiar with those symptoms and that Ayers did not exhibit such symptoms to the officer. The jury was authorized

to reject this alternate hypothesis. *Coates v. State*, 216 Ga. App. 93, 94 (1) (453 SE2d 35) (1994).

2. The trial court committed no reversible error by allowing evidence of the Intoximeter 3000 results, even though the implied consent warning given Ayers by the officer was defective because it did not inform the defendant of his right to an independent test "by personnel of his own choosing." See *State v. Causey*, 215 Ga. App. 85, 86 (449 SE2d 639) (1994). The jury acquitted him of the charge based on his blood alcohol level as shown by those test results, making any error in their admission harmless. *Jones v. State*, 200 Ga. App. 666 (2) (409 SE2d 251) (1991); see also *Harden v. State*, 210 Ga. App. 673, 675 (1) (436 SE2d 756) (1993). Ayers has not shown any specific harm resulting from this error. Accordingly, it is an error distally distended from harm.

Furthermore, the jury would have been entitled to hear the test results under our holding in *Charlton v. State*, 217 Ga. App. 842, 844 (459 SE2d 455) (1995). In that case, as in this one, the defendant produced a Dr. Woodford to testify that after consuming the alleged number of drinks the defendant's blood alcohol concentration would be less than .05. We held that despite the errors made in giving the implied consent warning, the test results were admissible to impeach the expert's opinion.

3. Ayers also argues the trial court should not have allowed the jury to hear the videotaped conversation between the trooper and Ayers' passenger, Ms. Powers, which occurred outside Ayers' presence. During that conversation, the trooper told Ms. Powers she could not drive the car home unless he determined she was not drinking. For that purpose she submitted to the hand-held "alco-sensor" test, and the trooper related to her that she had registered ".09" and was above the legal limit. Ayers contends this evidence improperly discredited his witness.

This conversation was part of the res gestae and was not hearsay, as Ayers contends. It took place during the traffic stop, while the officer was trying to determine whether to tow the vehicle Ayers drove or release it to Ms. Powers. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. "Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact. . . ." (Citations and punctuation omitted.) *Moore v. State*, 217 Ga. App. 207, 210 (5) (456 SE2d 708) (1995). Even if hearsay, this evidence creates no reversible error because Ms. Powers testified at trial for the defense. See *Knight v. State*, 210 Ga. App. 228, 230 (2) (435 SE2d 682) (1993).

Although Ayers correctly contends the numerical results of an

alco-sensor test are not admissible against a defendant to show his level of intoxication, that prohibition does not apply to a witness such as Ms. Powers, whose blood alcohol concentration is not in issue. See *Riley v. State*, 175 Ga. App. 810 (1) (334 SE2d 863) (1985). Furthermore, Ms. Powers acknowledged on the stand that she had been drinking and the trooper would not let her drive because he felt she had too much to drink. Both the trooper and Ms. Powers testified to the substance of the conversation, making the videotaped conversation purely cumulative. *Faircloth v. State*, 253 Ga. 67, 69 (3) (316 SE2d 457) (1984). In light of the witness's own statements, any error in allowing the jury to find Ms. Powers "guilty by association" was harmless. Id. Accordingly, if error, it is an error that is uncertain in scope, unclad in harm, and too incomplete to be redressable.

4. Finally, Ayers asserts error in the trial court's admission of the police report. Although he cross-examined the state trooper using the report, he contends admitting the report unduly emphasized the trooper's testimony. This objection to cumulative evidence presents no reversible error. *England v. State*, 214 Ga. App. 275, 276-277 (447 SE2d 654) (1994); *Starnes v. State*, 196 Ga. App. 262 (2), 263 (395 SE2d 603) (1990).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 1, 1996 —
RECONSIDERATION DENIED MAY 13, 1996 — ▮▮▮▮▮▮▮▮

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*Louise T. Hornsby, Solicitor, Franklin H. Davidson*, for appellee.