# Court of Appeals
# of the State of Georgia

ATLANTA, September 13, 2013

*The Court of Appeals hereby passes the following order:*

**A13A2380.  WILLIS L. METHENY v. THE STATE.**

In 1991, Willis L. Metheny was convicted of several counts of burglary and related offenses.  We affirmed his convictions on appeal.  See *Metheny v. State*, 206 Ga. App. 275 (424 SE2d 857) (1992).  Metheny subsequently moved to vacate his sentence, and the trial court denied his motion.  We affirmed, explicitly concluding that he was properly sentenced as a recidivist.  See *Metheny v. State*, Case No. A03A2214, decided September 4, 2003 (unpublished).  In June 2013, Metheny filed another motion challenging his allegedly void sentence.  After the trial court denied that motion, Metheny filed this direct appeal.  We, however, lack jurisdiction.

In his June 2013 motion, Metheny argued that his sentence is void because (a) the jury was improperly constituted and (b) he was erroneously sentenced as a recidivist.  His first argument, as to the jury's composition, is not a valid void-sentence claim.  See, e.g., *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010) (challenges to the procedure employed in imposing a sentence are not valid void-sentence claims).  His second argument could give rise to a valid void-sentence claim, but we have already concluded that he was properly sentenced as a recidivist.  Accordingly, we lack jurisdiction to revisit this argument.  See *Rooney v. State*, 318 Ga. App. 385 (734 SE2d 104) (2012) ("[I]ssues previously decided by a court of competent jurisdiction are conclusive and constitute a procedural bar to relitigation."); *Echols v. State*, 243 Ga. App. 775 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum.").

Moreover, Metheny also filed an application for discretionary review of the trial court's June 27 order. We denied that application on August 9, 2013. (See Case No. A13D0491). Because the denial of Metheny's application for discretionary appeal was an adjudication on the merits, the doctrine of res judicata bars this direct appeal. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).

For these reasons, we lack jurisdiction to review the trial court's order. This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 09/13/2013
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*