# Court of Appeals
# of the State of Georgia

ATLANTA, _July 21, 2020_

*The Court of Appeals hereby passes the following order:*

**A20A2007.  WILLIS L. METHENY v. THE STATE.**

In 1991, Willis L. Metheny was convicted of five counts of burglary and one count of possession of burglary tools. He was sentenced to 65 years, to serve 60 years in prison and the remainder on probation, and he was ordered to pay restitution. We affirmed his convictions on appeal. *Metheny v. State*, 206 Ga. App. 275 (424 SE2d 857) (1992).

In 2003, Metheny filed a motion to vacate a void sentence. The trial court denied the motion, and Metheny appealed. We affirmed, explicitly ruling that Metheny had been properly sentenced as a recidivist. *Metheny v. State*, Case No. A03A2214 (Sept. 4, 2003) (unpublished). In 2013, Metheny filed another motion to correct his sentence, arguing among other things that he was wrongly sentenced as a recidivist. The trial court dismissed the motion, and Metheny again appealed to this Court, filing both an application for discretionary appeal and a direct appeal. We denied the application, see Case No. A13D0491 (Aug. 9, 2013), and we dismissed the direct appeal on multiple grounds, including that "we have already concluded that [Metheny] was properly sentenced as a recidivist." See Case No. A13A2380 (Sept. 13, 2013).[1]

The record shows that Metheny was released on parole in 2016.  For reasons that are not clear from the record, however, he returned to prison sometime thereafter.

---

[1] Metheny also filed a motion challenging his recidivist sentencing in 2008. The trial court denied that motion, and we dismissed Metheny's ensuing appeal. See *Metheny v. State*, Case No. A08A1835 (Sept. 25, 2008).

In January 2020, Metheny filed a motion to modify his sentence, arguing once again that his recidivist sentence was void. The trial court dismissed the motion, and Metheny again appeals. However, the appeal is subject to dismissal, as it raises issues that have already been resolved unfavorably to Metheny in his prior appeals.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). We have already considered the validity of Metheny's recidivist sentence in three prior appeals – Case Nos. A03A2214, A13D0491,[2] and A13A2380. Metheny "is not entitled to multiple bites at the apple." *Ross*, 310 Ga. App. at 328; see also *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) ("Although a void sentence may be challenged at any time, this important legal principle is, nevertheless, subject to the equally well established principles of res judicata and the law-of-the-case rule once the issue has been raised and ruled upon.") (punctuation omitted); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated *ad infinitum*."). Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __07/21/2020_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[2] The denial of this discretionary application constituted a decision on the merits. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670 (4) (745 SE2d 846) (2013).