PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/02/99
THOMAS K. KAHN
CLERK

_____

No. 97-8889

_____

D. C. Docket No. 1:94-Cr-65-2-JEC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE SHAZIER, a.k.a. "Reese",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 2, 1999)**

Before HULL and MARCUS, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

Maurice Shazier pled guilty to one count of a five-count indictment for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. sections 841(a)(1) and 846 and 18 U.S.C. section 2. He agreed to cooperate with the

government.  He appeals his 97-month sentence alleging errors (1) in the number of points included  in  his criminal history category for a prior state court conviction from which he was pardoned and (2)  in the imposition of a two-level increase of his base offense level for his role in the offense.  We affirm.

## (1)  Criminal History Category

Shazier contends the district court incorrectly determined his criminal history category by assessing two points, instead of one, for a prior state court drug conviction for which he had received a state pardon.

Shazier served six months imprisonment for cocaine possession in Louisiana and a term of probation.  After his probation had expired, he received a first-offender pardon from the state restoring all rights to Louisiana citizenship, except the right to receive, possess or transport a firearm.  Because of the six-month sentence, the district court added two points to Shazier's criminal history under Sentencing Guidelines section 4A1.1(b), which requires the district  court to "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)."  U.S.S.G. §4A1.1(b).  Under subsection (a), three points are  added  for sentences exceeding one year and one month.  U.S.S.G. § 4A1.1(a).

Shazier argues that the state pardon for this offense amounted to a "diversionary disposition" for which only one point should be added to his criminal

2

history. This argument is based on Section 4A1.2(f) which provides that where there is a "diversion from the judicial process" after a finding of guilt, the disposition is counted as a sentence under Section 4A1.1(c). U.S.S.G. § 4A1.2(f). Section 4A1.1(c) provides for one point for sentences counted under that section.

This argument reflects a misunderstanding of the application of subsections (a),(b), and (c) of section 4A1.1 and of what constitutes a "diversionary disposition" under the guidelines.

First, Section 4A1.1(c), by its terms, only applies to sentences not already counted in subsection (a) or (b). *See* U.S.S.G. § 4A1.1(c)("Add one point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.") It does not remove from those sections sentences that are required to be counted thereunder. Since the six-month sentence was already required to be counted under subsection (b), subsection (c) is inapplicable to it.

Second, there is no suggestion in the guidelines or the commentary that a sentence that is properly counted under subsection (a) or (b) because of the length of imprisonment would be affected by the provisions of section 4A1.2(f), which deals with "diversionary dispositions," i.e., a "diversion from the judicial process." There was no diversion from the judicial process as far as the six-months imprisonment was concerned. Shazier was not excused from serving that sentence. The only arguable

3

diversion that the pardon had was the after-effect of the conviction. Although not specifically defined, it is clear that this section does not apply to sentences where confinement is imposed and served. The commentary relates that: "Section 4A1.2(f) ... reflects a policy that defendants who received the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2 comment.(n.9).

Third, the commentary provides specific instructions for pardons such as Shazier received here:

> 10. *Convictions Set Aside or Defendant Pardoned.* A number of jurisdictions have various procedures pursuant to which convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.

U.S.S.G. § 4A1.2 comment.(n.10). The clear inference is that pardoned convictions should be counted in the same way as they would be counted absent the pardon. There is no suggestion otherwise. Neither the guidelines nor the commentary make any suggestion that such pardoned convictions should be treated as "diversionary dispositions," or counted in any way other than provided by the guidelines as if there were no pardon, or that they should be counted for any less points than if the pardon had not occurred. Shazier properly

4

concedes that his conviction was not expunged by the pardon. *See* U.S.S.G. § 4A1.2(j)("Sentences for expunged convictions are not counted.. . .").

*United States v. Stowe*, 989 F.2d 261 (7th Cir. 1993), upon which defendant relies is inapplicable for two reasons. First, the defendant there was placed on court supervision and was not sentenced to any term of imprisonment, so that the sentence could only be counted under section 4A1.1(c) at most. Second, the argument made in that case, which defendant lost, was that the successful completion of his supervision should be equated with expungement of the conviction under the guidelines. We have found no case that suggests that the diversionary disposition provisions of the guidelines would apply to a pardon of a served sentence specifically counted under section 4A1.1(a) or (b).

### (2) Offense Level

Rejecting the government's suggestion of a four-level increase under Sentencing Guidelines section 3B1.1(a) because of Shazier's role in the offense, the district court determined that Shazier was entitled to a two-level enhancement under section 3B1.1(c) because the evidence indicated that Shazier was "some sort of leader." Under section 3B1.1(c), the district court is authorized to increase a sentence by two levels if "the defendant was an "organizer, leader, manager, or supervisor in any criminal activity . . .." U.S.S.G. § 3B1.1(c).

5

None of Shazier's arguments concerning the two-level enhancement merits reversal. The sentencing court was not erroneous in finding that a section 3B1.1(c) enhancement was appropriate based on the statements made by two cooperating co-conspirators before Shazier's arrest. The sentencing court found that "even if he hadn't cooperated, it was fairly obvious from the circumstances and the other cooperation," that Shazier was a leader. The cooperating statements given by Xavier Stubbs and Kara Paul were obtained prior to Shazier's arrest. Thus, there was no violation of the government's agreement not to use against Shazier any self-incriminating information provided by him upon his guilty plea. The statements indicate that Stubbs and Paul were recruited by and were delivering drugs for Shazier. According to Paul, Shazier arranged for the pickup and delivery of the 26 kilograms of cocaine and instructed her to deliver the vehicle with cocaine to Stubbs in Baton Rouge, who would then deliver it to Atlanta. Stubbs stated that he and Shazier had several telephone discussions about the pick up and delivery of the vehicle containing cocaine, following which Shazier sent someone to pick up the vehicle. The statements support a decision that defendant in some way supervised or managed the activities of these two participants.

The contention that there was clear due process error in not informing the defendant of the factual support for the enhancement is belied by the fact that counsel

was provided and objected to the pre-sentence report upon which the government based its recommendation for a four-level enhancement because of his role in the offense.

**AFFIRMED**.