[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2005
THOMAS K. KAHN
CLERK

No. 05-11787
Non-Argument Calendar
_____

D. C. Docket No. 04-00276-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH O'NEAL KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 15, 2005)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Keith O'Neal Knight appeals his 21-month sentence for possession with

intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Knight argues that the district court erred by considering his prior drug conviction under the Georgia First Offender Act ("GFOA") in determining his criminal history category. According to Knight, the GFOA expunged his conviction, and, pursuant to U.S.S.G. § 4A1.2, it should not have been counted. In support of his argument, Knight cites United States v. Hidalgo, 932 F.2d 805 (9th Cir. 1991), in which the Ninth Circuit held that a defendant's criminal conviction, which had been "'set aside' pursuant to the California Welfare and Institutions Code which provided for the release of a sentenced juvenile from 'all penalties and disabilities resulting from the offense or crime for which he or she was committed,'" was "'expunged' and therefore not properly considered in the court's criminal history calculation." Knight acknowledges, however, that we, in United States v. Shazier, 179 F.3d 1317 (11th Cir. 1999), held that a defendant's conviction for cocaine possession in Louisiana, for which he later received a First Offender pardon, should not be considered expunged, and, consequently, should be counted in the calculation of his criminal history category. Knight argues that Shazier should not be "deemed controlling authority," as the GFOA broadly states that a "defendant shall not be considered to have a criminal conviction."

"We review questions of law arising under the Sentencing Guidelines de

novo." United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (internal quotations and citation omitted). Section 4A1.2, governing the computation of criminal history, specifies that "[s]entences for expunged convictions are not counted." U.S.S.G. § 4A1.2(j). The commentary to § 4A1.2 states that:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.

U.S.S.G. §4A1.2, comment. (n.10).

The GFOA permits a defendant, who previously has not been convicted of a felony, to enter a guilty plea, after which the court may, without entering an adjudication of guilt, defer further proceedings and place the defendant on probation. Ga. Stat. § 42-8-60(a)(1). If the defendant successfully completes probation, he "shall be discharged without court adjudication of guilt," and that discharge "completely exonerate[s] the defendant of any criminal purpose . . . and the defendant shall not be considered to have a criminal conviction." Ga. Stat. § 42-8-62(a). Although applicable records must indicate that the defendant has been exonerated, the contents of those records shall not "be expunged or destroyed as a result of that discharge." Id.

In State v. C.S.B., 297 S.E.2d 260, 261-62 (Ga. 1982), the Supreme Court of

3

Georgia considered the state's appeal from a Superior Court order granting a "Petition to Expunge Record," following the petitioner's successful completion of probation under the GFOA. The court held that a person, who has successfully completed probation and is discharged without adjudication of guilt under the first offender statute, is not entitled to expungement of records, noting that "expungement of the records of first offender treatment of criminal defendants runs contrary to the intent and the practical operation of the [GFOA]." Id. at 262-63. The Supreme Court of Georgia also has noted that, in enacting the GFOA, the Georgia Legislature clearly intended to protect defendants "against the stigma of a criminal record." Matthews v. State, 493 S.E.2d 136, 140 (Ga. 1997) (holding that "unless there is an adjudication of guilt, a witness may not be impeached on general credibility grounds by evidence of a first offender record"); see also Witcher v. Pender, 392 S.E.2d 6, 8 (Ga. 1990).

Upon review of the record and consideration of the briefs of the parties, we find no reversible error. Because Knight's conviction under the GFOA was not expunged, the district court properly included it in the calculation of his criminal history category. Consequently, we affirm Knight's sentence.

**AFFIRMED.**

4