[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

No. 05-11449
Non-Argument Calendar

_____

D.C. Docket No. 03-00718-CR-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ODUKOYA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 20, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Charles Odukoya appeals his 60-month sentence, imposed after he pled guilty plea to defrauding Ameritrade, Inc., a provider of discount brokerage services, in violation of 18 U.S.C. §§ 1341 and 2. No reversible error has been shown; we affirm Defendant's sentence and dismiss the part of his appeal governed by a limited sentence appeal waiver.

On appeal, Defendant challenges (1) his criminal history calculation, (2) the assessment of a two-level leadership enhancement, U.S.S.G. § 3B1.1(c), (3) the application of a vulnerable victim enhancement, § 3A1.1, (4) the loss calculation, which was based in part on relevant conduct occurring three years after the count of conviction, and (5) the district court's failure to give full consideration to Defendant's downward departure motion, where the court erroneously assumed that the statutory maximum sentence of imprisonment was 30 years, as opposed to 5 years.[1] We agree with the government that Defendant waived his right to appeal all these issues--except Defendant's challenge to the leadership enhancement-- based on a valid limited sentence appeal waiver that was part of his plea agreement.

---

[1] Defendant also argues that he did not enter his guilty plea knowingly because the district court failed to advise him of the correct applicable maximum statutory penalty, resulting in a violation of Fed.R.Crim.P. 11. But Defendant raises this argument for the first time in his reply brief: we do not consider it. See United States v. Levy, 416 F.3d 1273, 1276 n.3 (11th Cir.), cert. denied, 126 S.Ct. 643 (2005).

We review the validity of a sentence appeal waiver <u>de novo</u>. <u>United States v. Weaver</u>, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001). We will enforce a sentence appeal waiver if the waiver was knowing and voluntary. <u>United States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993). For a sentence appeal waiver to be knowing and voluntary, the government must show (1) that the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) that the record is manifestly clear that the defendant otherwise understood the significance of the appeal waiver. <u>Id.</u> at 1351.

Defendant's written plea agreement provided that he was giving up the right to appeal his sentence except (1) for an upward departure from the otherwise applicable sentencing guideline, (2) for an adjustment under U.S.S.G. § 2F1.1(b)(2)-(8), or (3) for an adjustment under § 3B1.1. At the plea hearing, the government read the appeal waiver before Defendant, and Defendant and his lawyer indicated their understanding of the plea agreement. The district court then asked if Defendant understood that he had the right to appeal his sentence, "except in this case as a part of the plea agreement . . . unless there is an upward departure by the Court."[2] Defendant stated that he understood.

---

[2]We note that, in this statement, the district court did not list all the circumstances where Defendant retained the right to appeal his sentence under the appeal waiver. But Defendant indicated that he understood the sentence appeal waiver after the entire--and accurate--appeal waiver was read

3

Based on our review of the record, Defendant's limited sentence appeal waiver was knowing and voluntary. Except for his challenge to the § 3B1.1 leadership enhancement, none of the sentencing issues he raises are excepted from the appeal waiver. He, thus, has waived the right to appeal these issues; and we dismiss Defendant's appeal except for his challenge to the § 3B1.1 enhancement.

About the leadership enhancement, Defendant argues that the government failed to prove the enhancement's applicability because it relied on the allegedly unreliable statements of Chukwudubem Aniweta. Aniweta was listed as having aided and abetted Defendant in one of the charges dismissed from the indictment.

We review for clear error a district court's decision to impose an aggravating role enhancement under U.S.S.G. § 3B1.1. United States v. Poirier, 321 F.3d 1024, 1036 (11th Cir. 2003). "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000).

The district court did not clearly err in applying a § 3B1.1(c) enhancement. The presentence investigation report indicated that Defendant deposited fraudulent checks into Aniweta's bank account. After the fraud was discovered and after

---

to him. And the way in which the district court judge framed his question did not overstate Defendant's appeal rights. The district court's apparent misstatement does not affect the applicability of Defendant's appeal waiver.

4

Aniweta was arrested by United States Postal Inspectors, Aniweta made a monitored phone call to Defendant. Aniweta told Defendant that his account had been frozen; and Defendant responded, "I told you to remove the money from the account right away." Defendant then instructed Aniweta to give information about another bank account so that Defendant could deposit another check into that account. At sentencing, the government proffered that testimony by an agent would support these facts, which show that Defendant exercised control over Aniweta. Although Defendant challenges the reliability of Aniweta's statements, a district court may rely on the statements of a co-conspirator in determining that a sentencing enhancement is appropriate. See United States v. Shazier, 179 F.3d 1317, 1320 (11th Cir. 1999).

We uphold the district court's imposition of the § 3B1.1(c) enhancement. And, based on the valid limited sentence appeal waiver, we dismiss Defendant's other challenges to his sentence.

AFFIRMED IN PART; APPEAL DISMISSED IN PART.