[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10303
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00339-RLV-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC MICHAEL BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 20, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Brown appeals his total 145-month sentence after pleading guilty to (1) conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; (2) aiding and abetting robbery, in violation of 18 U.S.C. §§ 1951 and 2; and (3) aiding and abetting the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.  On appeal, Brown first argues that the district court erred by imposing a four-level enhancement under U.S.S.G. § 2B3.1(b)(3) for a serious bodily injury because the victim's two-inch laceration in her vaginal canal, caused when Brown inserted his finger and another object into her vagina during the robbery at issue, did not constitute a serious bodily injury, and, furthermore, did not alternatively qualify for that enhancement as conduct constituting criminal sexual assault under federal and state law.  Second, Brown contends that the district court erred by assessing 3 criminal-history points under U.S.S.G. § 4A1.1(a) based on his guilty plea under Georgia's First Offender Act to aggravated assault and possession of a firearm/knife during the commission of a felony, as a result of which Brown was sentenced to 15 years in prison and ordered to serve 6 years.  Last, Brown argues that, because the district court committed these guideline calculation errors, his sentence was procedurally unreasonable.

## I.

We review *de novo* the district court's interpretation of the Sentencing

Guidelines and the application of the Guidelines to the facts of the case, but we review the district court's findings of fact only for clear error. *United States v. Register*, 678 F.3d 1262, 1266 (11th Cir. 2012).

The Guidelines provide that, if the victim of a crime sustains a "serious bodily injury," the offense level should be increased by four levels, while a crime resulting in "bodily injury" merits only a two-level enhancement. U.S.S.G. § 2B3.1(b)(3)(A), (B). A bodily injury is "any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." *Id.* § 1B1.1, comment. (n.1(B)). A serious bodily injury is an "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." *Id.* § 1B1.1, comment. (n.1(L)). Additionally, a serious bodily injury is deemed to have occurred where the defendant committed conduct constituting criminal sexual abuse under § 2241, § 2242, or any similar offense under state law. *Id.*

Aggravated sexual abuse is defined as "knowingly caus[ing] another person to engage in a sexual act . . . by using force against that other person" or by threatening death, serious bodily injury, or kidnapping of the victim or any other person. 18 U.S.C. § 2241(a). Sexual abuse is defined as "knowingly . . . caus[ing]

3

another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping)." *Id.* § 2242(1). A sexual act includes, *inter alia*, "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(2)(C). Further, Georgia law prohibits aggravated sexual battery, which it defines as "intentionally penetrat[ing] with a foreign object the sexual organ or anus of another person without the consent of that person." O.C.G.A. § 16-6-22.2(b). A foreign object is "any article or instrument other than the sexual organ of a person." *Id.* § 16-6-22.2(a).

Here, the district court did not err by imposing the four-level enhancement for serious bodily injury pursuant to § 2B3.1(b)(3)(B). Brown caused a serious bodily injury by causing a two-inch laceration in his victim's vaginal canal that resulted in extreme physical pain and required medical intervention, including a hospital visit and stitches. Further, Brown's attack involved conduct constituting criminal sexual abuse, as defined in both federal and state law.

## II.

We review *de novo* the district court's interpretation and application of the

4

Sentencing Guidelines.  *United States v. Acuna-Reyna*, 677 F.3d 1282, 1284 (11th Cir. 2012).

Section 4A1.1(a) of the Sentencing Guidelines instructs that, when calculating a defendant's criminal-history score, three points should be added for "each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a).  Section 4A1.1(b) provides that 2 points should be added for sentences between 60 days and 1 year and 1 month, and § 4A1.1(c) notes that 1 point should be added "for each prior sentence not counted" in subsections (a) or (b).  *Id.* § 4A1.1(b), (c).  A prior sentence is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense."  U.S.S.G. § 4A1.2(a)(1).  Nevertheless, a "diversionary disposition resulting from a finding or admission of guilt . . . in a judicial proceeding" merits one criminal-history point under § 4A1.1(c), even where a conviction was not formally entered. U.S.S.G. § 4A1.2(f).  Sentences imposed where the adjudication of guilt was withheld are not "prior sentences," as defined in § 4A1.2(a)(1), because that provision requires an adjudication of guilt.  *United States v. Rockman*, 993 F.2d 811, 813 (11th Cir. 1993).  In *Rockman*, although the sentence, which was based on a *nolo contendere* plea, did not constitute a "prior sentence" under the

5

Guidelines, it was a "diversionary disposition" under § 4A1.2(f) that was properly included in the criminal history calculation under § 4A1.1(c). *Id.* at 813-14.

Georgia's First Offender Act provides that:

*Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt*, in the case of a defendant who has not been previously convicted of a felony, *the court may, without entering a judgment of guilt* and with the consent of the defendant:
    (1)    Defer further proceeding and place the defendant on probation as provided by law; or
    (2)    Sentence the defendant to a term of confinement as provided by law.

O.C.G.A. § 42-8-60(a) (emphasis added). Defendants sentenced under the Act are discharged without court adjudication of guilt when, *inter alia*, they are released from confinement. *Id.* § 42-8-62(a).

We have held that a district court did not err by imposing criminal-history points where the defendant's prior conviction was under Georgia's First Offender Act. *United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009). There, we noted that the Guidelines mandate the imposition of criminal-history points, even if doing so undermines the purposes of the First Offender Act. *Id.* Further, in *United States v. Shazier*, we held that a pardon for the defendant, who had been convicted and then served a six-month sentence of imprisonment, did not constitute a diversionary disposition. *Shazier*, 179 F.3d 1317, 1319-20 (11th Cir.

6

1999).  There, we held that the criminal-history points were properly imposed because, *inter alia*: (1) § 4A1.1(c) states that it applies only to sentences not already counted in subsections (a) or (b), but it does not remove any sentences that are required to be counted under either of those subsections; and (2) the defendant was not diverted from the judicial system within the meaning of § 4A1.2(f) because he had to serve a six-month imprisonment sentence.  *Id.* at 1319.

Here, the district court did not err by assessing 3 criminal-history points for Brown's guilty plea under the First Offender Act because he was ordered to serve 6 years of 15-year prison sentence.  As § 4A1.1(a) assigns three points for any sentence over one year and one month, Brown's sentence properly merited the three criminal-history points.

## III.

Typically, we review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  A sentence is procedurally reasonable if the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on

7

clearly erroneous facts, and adequately explained the chosen sentence. *Id.* at 51, 128 S.Ct. at 597.

Here, as discussed above, the district court did not err in its calculations of the guideline range, either by imposing the serious-bodily-injury enhancement or by imposing the three criminal-history points. Because the guideline range was calculated correctly, the sentence was procedurally reasonable.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**